## J. S. ROY *et al.* v. A. WHITFORD.

JURISDICTION OF JUSTICE OF THE PEACE OVER NON-RESIDENTS. Section 30 of the Practice Act, providing for service of summons upon non-resident defendants, applies to cases in justices' courts; but the precise method of acquiring jurisdiction prescribed by law must be pursued.

JURISDICTION OF JUSTICES—PRACTICE ACT, SECTIONS 511 AND 30. Sections 511 and 30 of the Practice Act are to be construed together as parts of the same statute relating to the same general subject of jurisdiction; the former being evidently intended to cover residents of the State, while the latter was intended to reach non-residents.

AFFIDAVIT FOR PUBLICATION OF SUMMONS. An affidavit for publication of summons against a non-resident defendant, which states legal conclusions instead of facts, is fatally defective.

ACTION OF JUSTICE WITHOUT JURISDICTION VOID—CERTIORARI. If a judgment be rendered by a justice of the peace in a case in which he has acquired no jurisdiction, his action is void; and, where there is no other plain, speedy and adequate remedy, it will be annulled on certiorari.

CERTIORARI before the Supreme Court.  The defendant was justice of the peace of Genoa Township in Douglas County.  It appeared that two suits were commenced in his

court on June 11, 1874, against J. S. Roy and J. Coples, one by G. W. Gallanan for $156, and the other by C. A. Decatur for $230 75. At the time of commencing said suits, an affidavit was filed in each case as follows:

" Title of court and case.]

"STATE OF NEVADA,    }
　　County of Douglas. } ss.

" G. Walter Gallanan, being duly sworn, deposes and says that, of his own knowledge, he knows the defendant now resides out of this State and in the State of California, and for the six years last past has resided in said California. That this is an action upon a contract for the payment of money. That affiant believes that service of summons cannot be speedily made upon defendants, if at all, personally, and asks for an order of this court that the summons in this cause be made by publication, posting or such other means as such court deems expedient and just to parties concerned.

　　　　　　　　　　" G. WALTER GALLANAN.

"Subscribed and sworn to before me this 11th day of June, 1874.

　　　　　　　　　" A. WHITFORD, J. P."

Upon this affidavit the justice granted an application for an order to post summons, and appointed a person to make service by posting, and thereupon a certain paper in the form of a summons, and requiring defendants therein to appear on June 18, but not signed by the justice, was issued and copies thereof posted in three conspicuous places within the township. On June 18, no one appearing for defendants, on application of plaintiff therein judgment by default against defendants was rendered·in each case.

Roy and Coples, the defendants in said cases, having obtained information of the rendition of such judgments after the time for appeal had expired, applied to this Court for a

writ of certiorari, and the papers and proceedings of the justice in both cases were certified up.

*D. W. Virgin,* for Petitioners.

By the Court, WHITMAN, C. J.:

The petitioners seek to review the action of defendant, a justice of the peace, by certiorari, time for appeal having lapsed without their fault. They are non-residents of the State of Nevada, and were sued in Genoa Township, Douglas County. This action, it is claimed, was beyond the jurisdiction of the justice, as defined by section 511 of the Practice Act. The evident purpose of the section cited is to cover residents of the State; while the equally evident purpose of section 30 is to reach non-residents. Construing these sections together, as parts of the same statute relating to the same general subject of jurisdiction, it follows that the legislative intent clearly was to give to justices the jurisdiction attempted to be exercised in this case. This might be legally done, as it is the duty of the legislature to fix by law the powers, duties and responsibilities of justices of the peace; and it is only upon the performance of such duty that the justices' courts are vitalized; and whatever power they thus obtain, it is their privilege to use, provided always it does not conflict with the constitutional restrictions upon the legislature in this regard. Here there is no such conflict; consequently defendant might have properly exercised the power as attempted, had he pursued the method prescribed by statute in lieu of personal service upon non-residents of the State. In this he signally failed. If there is any step in the proceedings not null it has escaped attention. Suffice it to say that the affidavit is totally defective in that it offers legal conclusions instead of facts for the consideration of the justice; that no summons was issued, so no foundation for

service either by ordinary or extraordinary means, and so on to the end. These objections are fatal to the judgments under review. *Little* v. *Currie*, 5 Nev. 90.

As the justice acquired no jurisdiction in the premises, all his acts are void; wherefore it is ordered that they be annulled.