[No. 827.]

MARTIN, FEUSIER ET AL., PETITIONERS, v. THE DISTRICT COURT OF THE FIRST DISTRICT, RESPONDENT.

JUSTICE'S COURT—SUFFICIENCY OF COMPLAINT AND SUMMONS—An account was filed in the justice's court against "Irving, McKay & Co.;" the summons was returned served on "the defendants," and the judgment was entered by default: *Held*, that the complaint and summons were sufficient to sustain the judgment.

JURISDICTION ON APPEAL FROM JUSTICE'S COURT—JUDGMENT BY DEFAULT.—
No appeal lies from a judgment rendered by default in a justice's court.
The district court can only retry issues of law or fact that were made in
the justice's court.

APPLICATION for writ of *certiorari.*

The facts are stated in the opinion.

*Drake & Gaston,* for petitioners.

I. Under the rules of the common law it was necessary to
specify the names of the defendants; but the statute sets
aside the common law rule and provides that where several
persons are associated under a common name, they may be
sued by that common name. The district court therefore
exceeded its authority, under the statute, in setting the rule
aside. (1 Comp. Laws, 1658; *Gilman* v. *Cosgrove,* 22 Cal.
356; *Gillig, Mott & Co.* v. *Lake Bigler Co.,* 1 Nev. 214.)

II. The service of summons was sufficient. (1 Comp.
Laws, 1658; *Wilson* v. *Spring Hill Q. M. Co.,* 10 Cal. 445;
*Rowe* v. *Table M. Co.,* Id. 441; *Dorenté* v. *Sullivan,* 7 Id. 279;
*Hamilton* v. *McDonald,* 18 Id. 128.)

III. The justice had no power to grant the defendants'
motion to vacate or set aside the judgment, nor could he
exercise any control over the judgment, except to enforce it.
(18 Wend. 558; 1 Hinton, 90; 2 Cowen's Treatise, 960;
*Leonard* v. *Peacock,* 8 Nev. 84.)

IV. Justices are allowed great latitude. (1 Comp. Laws,
1597–1599; *Liening* v. *Gould,* 13 Cal. 598; *Linhart* v. *Buiff,*
11 Id. 280; *Grass Valley Quartz M. C.* v. *Stackhouse et al.,* 6
Id. 413; *Butler* v. *King,* 10 Id. 342.)

V. If the return were defective, it was demurrable only;
and we were entitled to an amendment in accordance with
the facts of service, as no rights or claims of others had
intervened. (*Gavitt* v. *Doub,* 23 Cal. 78, and cases there
cited.)

*Lewis & Deal,* for Respondents.

I. The complaint filed in the justice's court is not such
a complaint as is authorized by the statute. The account
filed as a complaint is not in form or substance such an

account as authorized by the statute. (1 Comp. Laws, 1595.)
The account should disclose the names of the parties to
the action. It does not appear from the paper filed who
the defendants are. Messrs. Irving, McKay & Co. would
indicate a copartnership name, but the names of the firm ·
do not appear. The real names of the defendants should
be given, or if a fictitious name is used, that fact should ap-
pear. (7 How. Pr. 271; *Frank* v. *Levei*, 5 Rob. 599.)

II. The summons issued by the justice of the peace was
not such a summons as the statute required. The require-
ments of the statutes are mandatory. If the real name of
the defendant is in the summons he is bound to take notice
that an action is commenced against him, but if a fictitious
name is used, and there is no statement to that effect in the
summons, a person on whom service is made is not bound
to take any notice of it. (*Pinda* v. *Black*, 4 How. Pr. 95;
*Farnham* v. *Meredith*, 32 Barb. 277, 278; *Moulton* v. *De ma
Carty*, 6 Rob. 470.)

III. The complaint must show that the conditions re-
quired by the statute existed. (*Welsh* v. *Kirkpatrick*, 30
Cal. 205.

IV. The judgment was void, because the court never
acquired jurisdiction of the defendants, no service having
been made and the defendants not having waived service by
an appearance. (*Hoffman* v. *Fish*, 18 Abb. Pr. 76; *Cole* v.
*Hindson*, 6 Term R. 234; *Griswold* v. *Sedgwick*, 6 Cow. 456.)

V. On *certiorari* this court will only consider the ques-
tion whether the inferior tribunal acted without its jurisdic-
tion. (*Fall* v. *Co. Com. Humboldt Co.*, 6 Nev. 100; *Mason* v.
*Co. Com. Ormsby Co.*, 7 Id. 398; *In re Wixom*, 12 Id. 219;
*Ex parte Sweeny*, 12 Id. 158.) The district court having
full jurisdiction of the case, had the power to make any
order therein as fully as if the case had originally been com-
menced there. (*Morley* v. *Elkins*, 37 Cal. 454; *People* v.
*Elkins*, 40 Id. 642; *Monreal* v. *Bush*, 46 Id. 79; *C. P. R. R.
Co.* v. *Placer Co.*, 46 Id. 667.)

By the Court, Beatty, J.:

The petitioners commenced an action in a justice's court of Storey county, by filing an account against "Irving, McKay & Co.," without disclosing the names of the individuals composing the firm. The summons thereupon issued was directed to "Irving, McKay & Co.," and according to the constable's return, was served on "the defendants" personally, in the township where the action was pending. The defendants having failed to appear, judgment was entered upon their default. Nearly a month thereafter, J. G. Irving and Daniel McKay appeared in the justice's court for the sole purpose of moving that the judgment be set aside. Their motion being overruled, they appealed to the district court, where it was renewed and granted, upon the grounds that the complaint was defective in form and substance, and that no legal summons had been issued or served.

We think the district judge was in error in so holding. The sufficiency of pleadings in justices' courts is not to be tested by the rules that are applied in the higher courts. The statute makes the copy of an account a sufficient complaint in justices' courts. (C. L., sections 1575 and 1595.) It is allowed to import allegations that must be expressly made in similar actions commenced in the district court. An account in the following form, "Daniel McKay to Louis Feusier, Dr., March 1, 1878, to 50 sacks of flour at $2 50— $125," would be equivalent, as a complaint in a justices' court, to the allegation that on the first day of March, 1878, Louis Feusier had sold and delivered to Daniel McKay, at his request, fifty sacks of flour reasonably worth one hundred and twenty-five dollars, and that the whole of that sum was at the date of the filing of the account due and unpaid. In other words, formal and precise pleading is dispensed with in those courts, and in an action upon an account everything is deemed to be alleged which can be reasonably inferred from the face of the paper. An account against "Irving, McKay & Co." just as fully imports the allegation that two or more persons are doing business under the firm name of Irving, McKay & Co., as that goods reasonably worth the amount charged were sold and delivered at their request.

Where two or more persons are doing business under a common name, whether it comprises the names of such persons or not, they may be sued by their common name (C. L., sec. 1658), and in such case the individual names need not be disclosed, the very object of the statute being to dispense with the necessity of ascertaining the names of the members of the firm. Jurisdiction is acquired by serving the summons upon any one or more of the associates, but the judgment binds only their joint property, unless on the trial the names of the associates are shown, in which case judgment may be rendered against the individuals composing the company. (C. L., 1673; *Gillig, Mott & Co.* v. *Lake Bigler Road Co.*, 2 Nev. 214.)

It may be conceded that in an action under these provisions, in the district court, it would be necessary to allege that two or more persons were doing business under the firm name set out in the title of the complaint, but it does not follow that such express allegations are necessary in justices' courts. It is sufficient there if the facts can be inferred from the form of the account. This disposes of the objections to the complaint. The objection to the summons is, that it was not directed to the individual defendants by their proper names. We think it was properly directed to the defendants by their common name. The object of the statute, as we have said, was to enable the plaintiff to commence his suit without being under the necessity of first ascertaining the names of the several defendants, an object which would be completely frustrated by requiring the names to be ascertained before the issuance of summons. The name of the firm—which alone is to be bound, unless the names of the associates are proved at the trial—is known, and to that name the summons should be directed. (C. L., sec. 1577.) When it is served, the person upon whom it is served knows whether or not he is a member of the firm or company named. If he is not, he may safely disregard it; but if he is, he must answer, or take the consequences. In this case, if J. G. Irving and Daniel McKay were not members of a company doing business under the firm name of Irving, McKay & Co., the

judgment did not concern them; if they were members of such a company, it was by their own default that the judgment was entered, and they have neither substantial nor technical grounds of complaint. Something has been said, it is true, about the insufficiency of the constable's return of service, but it is not denied that service was really made, and if the original return was defective it was cured by the affidavit subsequently filed. It is the service that gives jurisdiction; if the return is insufficient it may be amended. in conformity with the facts.

But the important question in this case is not whether the district court erred in reversing and setting aside the judgment of the justice's court, but whether it exceeded its jurisdiction. The proceeding is by *certiorari*, and if the district court had the power on appeal to hear and determine the question whether the default of Irving, McKay & Co. had been improperly entered, then its order, no matter how erroneous, must stand.

We think, however, that the district court had no jurisdiction by appeal in this case. The judgment was entered upon the default of the defendants, and there was no issue of law or fact to be tried. All the district court can do in a case appealed from a justice's court is to try it anew (C. L., 1643), and if no sort of issue has been made or tried in the justice's court, there is nothing to be tried anew. (10 Cal. 19; 11 Id. 328.) These decisions were approved by Judge Brosnan (1 Nev. 96), and his decision has only been so far qualified as to hold that an appeal lies to this court from a judgment by default in the district court upon the question whether the default has been properly entered. (3 Nev. 385.) This is correct, no doubt, because this court, on appeal from a judgment, may review any question affecting its correctness or validity which can be raised upon the record.

But on appeal to the district court the case is different. All the district court can do is to retry issues of law or fact that have been made in the justice's court. If the defendant, by making the default, has failed to raise any sort of issue in the court of original jurisdiction, he will not be

permitted to raise such issues for the first time in the appellate court. He cannot be allowed at his option to convert a court of appellate into a court of original jurisdiction.

If the defendant, in an action commenced in justice's court, thinks the complaint states no cause of action, he may object to it on that ground (C. L., 1597), and if he chooses he may stand upon that issue and appeal upon it, but if he does, it will be the only issue triable in the district court. If he wishes to make an issue of fact, he must make it in the justice's court, or he cannot have it tried in the district court.

It is contended that the last clause of section 1644 is a qualification of the provision of section 1643, that all causes appealed to the district court shall be tried anew. We do not think so. It is explained by reference to sections 1597, 1599, etc. Either party may desire to amend his own pleading, or compel an amendment of his adversary's, but if he failed to make his motion in the justice's court, he might be held to have waived the right to make it in the district court. It is accordingly provided that the justice shall enter in his docket a statement of all such motions and his decisions thereon. (C. L., section 1623.) If his decisions upon such motions are erroneous or arbitrary, the party aggrieved may renew his motion or objection in the district court. It is such and similar objections that we think are contemplated by section 1644, and if so, it is perfectly consistent with the provision of section 1643, requiring all cases appealed to the district court to be tried anew. This construction of the law does not leave a party who has been improperly defaulted without a remedy. His remedy by *certiorari* is ampler than it would be if he had the right of appeal, for he is not limited in the exercise of it to the period of thirty days; and if either party is dissatisfied with the judgment of the district court, an appeal lies to this court.

It is not contended in this case that there would have been any right of appeal to the district court if the defendants had not first made their motion to vacate the judgment

in the justice's court. But we think the making of that motion did not change the remedy. The wrong complained of was the entry of judgment without jurisdiction. If the wrong had existed, and if *certiorari* was the appropriate and exclusive remedy, as we think it was, a right of appeal was not created by the refusal of the justice to undo the supposed wrong.

Our opinion is that the order of the district court vacating and setting aside the judgment in favor of the petitioners against Irving, McKay & Co., and adjudging the petitioners to pay the costs of the appeal, was erroneous, and in excess of the jurisdiction of said court, and it is hereby declared to be null and void.