[No. 11281. In Bank. — December 12, 1888.]

JOHN F. McBLAIN, RESPONDENT, v. SARAH Mc-BLAIN, APPELLANT.

DIVORCE — SETTING ASIDE JUDGMENT BY DEFAULT — AFFIDAVIT OF MERITS. — No affidavit of merits is required in order to set aside a judgment by default in an action of divorce. The public has an interest in the result of the suit, and the court should aim to afford the fullest possible hearing.

ID. — SERVICE OF SUMMONS — NOTICE TO NON-RESIDENT DEFENDANT. — The court should be very liberal in granting an application to set aside defaults in divorce actions, where it appears at all probable that there was no service, either personal or by publication. When the affidavit of defendant upon such application shows that she was not a resident of the state within six months before suit, and that her first notice of the suit was a copy of the decree of divorce sent her by mail in the handwriting of the plaintiff, and the counter-affidavits for plaintiff contain improbable statements as to personal service of the summons upon the defendant out of the state, the judgment should be set aside, with leave to answer within a reasonable time.

SERVICE OF SUMMONS OUT OF STATE. — Service of summons out of the state can be made, if at all, only when a publication of the summons has been ordered; and a prior service out of the state is of no avail.

APPEAL from an order of the Superior Court of the city and county of San Francisco refusing to set aside a judgment by default.

The facts are stated in the opinion of the court.

*D. William Douthitt,* for Appellant.

There was no service of process upon the defendant, and the judgment cannot be sustained. (*Hawkins* v. *Abbott,* 40 Cal. 639; *Glidden* v. *Packard,* 28 Cal. 649.) Publication must be ordered before personal service can be made.

*W. B. Tyler,* for Respondent.

An affidavit of merits was indispensable. (*Parrott* v. *Den,* 34 Cal. 79; *Nevada Bank* v. *Dresbach,* 63 Cal. 324; *Reese* v. *Mahoney,* 21 Cal. 306; *People* v. *Rains,* 23 Cal. 129; *Bailey* v. *Taaffe,* 29 Cal. 423.)

PATERSON, J.—Action for divorce. The complaint was filed July 10, 1884; summons issued the same day; affidavit for publication of summons was made July 15th; order for publication of summons was made July 16th, but not filed until October 27, 1884. The default of the defendant for failure to answer was entered October 17, 1884, on an affidavit of John M. Wheeler, made that day, alleging that he delivered to the defendant personally in the city of Philadelphia, on the *seventeenth day of July,* 1884, a copy of the complaint and summons. On October 27, 1884, one J. F. McLaughlin made affidavit that the affidavit for publication and order of publication were lost and could not be found, and that on the *sixteenth day of July* he had deposited a copy of the summons and a copy of the complaint in the post-office at San Francisco, inclosed in an envelope directed to the

defendant at her place of residence, Philadelphia, Pennsylvania, with postage prepaid thereon. Thereupon, what purported to be copies of said affidavit and order for publication were filed "October 27, 1884, *nunc pro tunc* July 16, 1884." The authority of the clerk for filing said copies *nunc pro tunc* does not appear, but probably an order was had therefor, because judgment in favor of plaintiff dissolving the bonds of matrimony was made and entered on the same day.

On the twentieth day of April, 1885, the defendant, Sarah McBlain, filed a motion in said cause to set aside the decree rendered against her, and for permission to answer the complaint, on the grounds that the defendant was not a resident of this state within six months preceding the commencement of the action, and that the defendant had never been served personally or by publication, and that the proceedings were fraudulent and irregular. The court, having heard the matter upon affidavits, denied the application of the defendant on the ground that no affidavit of merits had been filed.

The order of the court must be reversed. The affidavit made by the defendant contains sufficient denials of the material matters set forth by the plaintiff in his complaint, and shows a good defense on the merits if its contents are true. But there is no necessity for an affidavit of merits in an action for divorce; and the court should be very liberal in granting applications to set aside defaults in divorce actions, where it appears at all probable that there was no service, either personal or by publication. Not only can no divorce be granted upon the default of the defendant, or a finding of fact made by a referee, but the law inhibits the granting of divorces upon the uncorroborated testimony or admission of the parties. The parties to the action are not the only people interested in the result thereof. The public has an interest in the result of every suit for divorce;

the policy and the letter of the law concur in guarding against collusion and fraud; and it should be the aim of the court to afford the fullest possible hearing in such matters.

The affidavit of the defendant shows that the first information she had of these proceedings came to her in a copy of the decree, "in the familiar handwriting of said John F. McBlain, mailed in San Francisco, and received by her in Philadelphia during the month of November last"; that no complaint or summons was ever served on her by said Wheeler, or any one else; and that she never received any copy, through the mail or otherwise.

The counter-affidavits are a mosaic of statements, as a ground of opposition to the application of the defendant. It will be observed that Wheeler says he served the summons personally on the defendant in Philadelphia on the seventeenth day of July, just seven days after it was issued. The papers were not mailed to him until July 16th from San Francisco. Personal service out of the state can be made if at all (*Freeman* v. *Alderson*, 119 U. S. 185) only when a publication of the summons has been ordered. Publication in this case was not ordered until July 16th,—just one day before it is alleged the summons was served in Philadelphia. The affidavit for publication was not made until July 15th. McLaughlin claimed that "at the same time he sent the copy of the summons and complaint to defendant by mail,—July 16th,—he also sent a copy of the complaint and summons to a friend of the plaintiff in Philadelphia for service upon the defendant personally"; but when asked the name of the person to whom he had sent the papers, he replied that he did not remember. In one of the counter-affidavits it is claimed that the date named in the affidavit of Wheeler as to the time of service, to wit, July 17th, ought to have been July 27th, but was printed "17" through a mistake in making a copy on the typewriter.

The improbability of many of the statements contained in these affidavits is so glaring, the conclusion is irresistible that no service was ever had upon the defendant. The whole showing is a bungling piece of patch-work, and the court below should not have hesitated for a moment to grant the application of the defendant.

Order reversed and cause remanded, with directions to allow the defendant to answer within a reasonable time.

McFARLAND, J., SEARLS, C. J., SHARPSTEIN, J., and THORNTON, J., concurred.