[No. 1572.]

ZENAS PRATT, PETITIONER, *v.* W. H. STONE, JUSTICE OF THE PEACE OF CARSON TOWNSHIP, RESPONDENT.

JUSTICE OF THE PEACE—SUMMONS—AFFIDAVIT FOR PUBLICATION. Comp. Laws 1900, sec. 3125, authorizes the justice to direct service of summons by publication, where it appears by affidavit or by verified complaint that the defendant resides without the state, and that a cause of action exists against him: *Held*, that an affidavit stating that a complaint had been filed to recover a sum of money, which cause of action was fully set out therein, and making the complaint a part of the affidavit, was sufficient to authorize the justice to order service of summons by publication, though the complaint consisted merely of a copy of an account for goods sold and delivered.

IDEM—ATTACHMENT—AFFIDAVIT. Comp. Laws 1900, sec. 3219, declares that the clerk shall issue an attachment on an affidavit showing the nature of plaintiff's claim, that the same is just, the amount affiant believes plaintiff is entitled to recover, and the existence of any one of the grounds for attachment; and section 3622 makes such section applicable to justices' courts: *Held*, that an affidavit reciting that an action had been brought to recover a sum of money for goods sold and delivered at defendant's request, and that defendant was indebted to plaintiff in such sum over and above all set-offs or counterclaims, and averring the existence of two grounds for attachment, was sufficient to warrant the issuance of an attachment by a justice of the peace.

IDEM—SUMMONS—SERVICE—JURISDICTION. Comp. Laws 1900, sec. 3539, declares that when a summons is served by publication, or without the state, the time for appearance shall not be less than six weeks from the issuance of the summons, and that, when publication is ordered, personal service shall be equivalent to publication, etc., and that service by publication shall be complete at the expiration of six weeks from the first publication: *Held*, that a justice of the

peace had no jurisdiction to enter a judgment in a case where the summons was personally served on defendant without the state in lieu of publication until after the expiration of six weeks from date of service.

IDEM—APPEAL—JURISDICTION. An appeal will not lie from a judgment entered by a justice of the peace before he had acquired jurisdiction of the person of the defendant, but it may be annulled on *certiorari.*

IDEM—SUMMONS—SERVICE—RESIDENCE OF DEFENDANT UNKNOWN. Where an affidavit for publication of summons sets forth that the "defendant is a non-resident of this state, but is a resident of the State of California, county unknown," it is not necessary to deposit in the postoffice a copy of the complaint and summons. The statute requires such deposit only in case the place of residence of the defendant is known.

ORIGINAL PROCEEDING. *Certiorari* by Zenas Pratt against W. H. Stone, as Justice of the Peace, to annul certain judgments. One judgment set aside, and writ dismissed as to remaining judgments.

The facts sufficiently appear in the opinion.

*Edward Dupuis,* for Petitioner:

I. "If a judgment be rendered by a justice of the peace in a case in which he has acquired no jurisdiction, his action is void; and, where there is no other plain, speedy and adequate remedy, it will be annulled on *certiorari.*" (*Roy* v. *Whitford,* 9 Nev. 370; *Wiggins* v. *Anderson,* 22 Nev. 103.)

II. The affidavits for the order for publication of the summons in all three of the cases brought to this honorable court for review are wholly insufficient, in that they each utterly fail to show that a cause of action exists against the defendant "in respect to whom service of summons is to be made." This is a jurisdictional fact which must appear by the affidavit, and if it does not, the order based upon it is void. "To obtain a legal service by publication of a summons against a non-resident, it must appear by affidavit, not only that the defendant is a non-resident, but also that a cause of action exists against him; and a judgment procured against him in such a case before a justice of the peace, when the latter fact does not appear by affidavit, is void." (*Little* v. *Currie,* 5 Nev. 90; *Victor M. & M. Co.* v. *Justice Court,* 18 Nev. 23.)

III. The judgments in the cases of *O. T. Schulz* v. *Zenas Pratt* and *W. F. Day* v. *Zenas Pratt,* are both void for the reason that it does not appear from the record certified to this court that in either case was there made a deposit of the complaint and summons in the postoffice directed to the place of residence of the defendant as required by law, although, in the affidavit of the plaintiffs, they each state his residence to be in California. This is undeniably fatal. " Where a party relies upon the publication of summons, it is necessary not only to publish a copy of the summons, but to deposit another copy in the postoffice directed to the defendant at his place of residence, if known; and the statute prescribes that such deposit shall be proved by affidavit." (*Scorpion M. Co.* v. *Marsano,* 10 Nev. 370.)

IV. In the case of *E. J. Walsh and C. E. Wylie* v. *Zenas Pratt,* it will be seen that in the order granting the right to publish the summons, made by the respondent, he goes out of the affidavit to find that a cause of action exists against the defendant to be served. The order says: " It also appearing from the complaint on file that a good cause of action exists in the action in favor of the plaintiffs," etc. " The justice cannot go outside of the affidavit to be satisfied as to the existence of a good cause of action against the defendant." (*Crandall* v. *Bryan,* 15 How. Pr. 342; *V. M. M. Co.* v. *Justice Court,* 18 Nev. 22; *Forbes* v. *Hyde,* 31 Cal. 342.)

V. True, it is, each assert that the affiant "has a cause of action" against Zenas Pratt, but this is not a statement of a fact tending to prove such a proposition, but a general assertion or opinion that the proposition is true. But it is the province of the court to determine that question upon the facts to be stated in the affidavit. A general statement that the plaintiff has a cause of action against the defendant is not sufficient. It does not make the matter appear to the court. The facts necessary to show that a cause of action exists must be stated. Concerning the material circumstances of time, place and amount, these affidavits are wholly silent, and whether the supposed causes of action arose upon an indebtedness of one mill for a small measure of moonshine or a million of dollars for as many miles of land is left to conjecture. (*Neff* v. *Pennoyer,* 3 Saw. 290;

*Ricketson* v. *Ricketson*, 26 Cal. 153; *Forbes* v. *Hyde*, 31 Cal.
342; *Braley* v. *Seaman*, 30 Cal. 610.)

VI. The affidavits in all the cases before this court are
insufficient in that they fail to state any facts showing the
residence of the defendant. They each contain the state-
ment "that defendant is a non-resident of this state, but is a
resident of the State of California, county unknown." "An
affidavit to obtain an order for the publication of summons
on the ground that the defendant cannot, after due diligence,
be found within the state, which does not state whether the
residence of the defendant is known, and does not show that
the affiant does not know where the defendant may be found,
is insufficient to authorize the publication of summons."
(*Braley* v. *Seaman*, 30 Cal. 612; *Ricketson* v. *Ricketson*, 26
Cal. 154.)

VII. The various writs of attachment issued by the
respondent in the cases before the court are also insufficient
and the orders issuing thereon were *coram non judice* and
void. The amended act regulating proceedings in civil cases
in this state (sec. 124, p. 55, Stats. 1897), which is made
applicable to justice courts, says that the justice shall issue
the writ of attachment upon receiving an affidavit, by or on
behalf of the plaintiff, showing: "The nature of the plain-
tiff's claim, that the same is just," and "the amount which
the plaintiff believes he is entitled to recover." The affida-
vits in all of these cases, as the record speaks, fail to enumer-
ate two of the essentials which the statute requires. They
omit to state "that the same is just" and "the amount
which affiant believes the plaintiff is entitled to recover."
That is fatal. (Drake on Attachments, p. 86, sec. 95; 33
How. Pr., p. 134; *Moore* v. *Harrod*, 40 S. W. Rep. 675;
*Rudolph* v. *Saunders*, 111 Cal. 233; *Anderson* v. *Sutton*, 2
Duval Ky. 481; *Bray* v. *McClury*, 55 Mo. 274; *McElwee* v.
*Steelman*, 38 S. W. 275.)

*M. A. Murphy* and *J. E. Walsh*, for Respondent:

I. The court having jurisdiction of the subject matter of
the controversy, it also had jurisdiction to make the order
for the publication of summons, and if error was committed
(which we deny), it was an error of law and not a want of

jurisdiction. "The affidavit for publication of summons which shows that the party upon whom service is to be made resides out of the state is sufficient." (Gen. Stats. 3539; *Legare* v. *California S. R. R. Co.*, 76 Cal. 611; *Furnish* v. *Mullan*, 76 Cal. 646.)

II. Great strictness in the form-of the affidavit for an attachment is not required, as the defendant is protected by the plaintiff's bond. (*Bowers* v. *Beck*, 2 Nev. 146; 3 Enc. Pl. & Pr., p. 11; *Curtis* v. *Settle*, 7 Mo. 452; *Graham* v. *Ruff*, 8 Ala. 171; *Wiltoe* v. *Stearns*, 13 Iowa, 282; *Wallis* v. *Wallace*, 6 How. Miss. 254; *Parmele* v. *Johnson*, 15 La. 429; *Cross* v. *McMaken*, 17 Mich. 511.)

III. Where the statute requires the affidavit to show that the plaintiff's claim is just, it is sufficient either to simply allege that it is just, or, without such direct statement, to allege facts concerning the plaintiff's claim which show that it is just. (*Livengood* v. *Shaw*, 10 Mo. 275; *Kennedy* v. *Morrison*, 31 Tex. 216; *Fourtellott* v. *Wilkins*, 28 Kan. 833; *Ludlow* v. *Ramsay*, 11 Wall. U. S. 587.)

IV. "The fact that a cause of action exists may be shown either by affidavit or by the verified complaint on file. ·If the complaint be not verified, the affidavit may refer to and adopt the statement; in such case, the oath to the affidavit is an oath to the contents of the document referred to and adopted." (*Legare* v. *California S. R. R. Co.*, 76 Cal. 611; Stats. 1889, p. 22.)

V. Section 3539 of the General Statutes provides that when the summons is to be served by publication or out of the state it shall be made returnable at any time designated by the justice, not less than six weeks nor more than four months from its issuance. In the action at bar the summons was issued June 26, 1899, and made returnable August 7, 1899, which was six weeks from the date of its issuance. Under the provisions of the same section it is not necessary after obtaining an order directing the publication of the summons to publish the same, for the same may be disregarded if it can be personally served on the defendant out of the state and this is deemed equivalent to publication and deposit in the postoffice. The summons in this action was personally served on the defendant in the city and county of

San Francisco, State of California, on the 21st day of July, 1899, and he was not required to appear until the 7th day of August, 1899. There is no provision under the law in actions in the justice's court giving the defendant a certain number of days after the service of summons within which to appear and plead, but the law requires at the outset that a specified time be designated in the summons, before its issuance, for the defendant to appear, and upon the return day mentioned in the summons the plaintiff is entitled to judgment. (*Kessler* v. *Vara*, 54 N. Y. S. 142.)

By the Court, Bonnifield, C. J.:

In an action brought before respondent, as justice of the peace of Carson township, Ormsby county, wherein C. E. Wylie and Ed. J. Walsh were plaintiffs, and Zenas Pratt, the petitioner was defendant, judgment by default was given against said petitioner for $56 99 and costs.

The petitioner seeks, by *certiorari*, to have said judgment declared null and void, on the ground that respondent exceeded his jurisdiction in giving the same.

The justice made an order for the publication of the summons, and directed that a copy of the summons and complaint be deposited in the postoffice, etc.

Counsel for petitioner contends that the justice exceeded his jurisdiction in making said order, for the reason that the affidavit for the publication of summons was fatally defective, in that it did not appear therefrom that a cause of action existed against the defendant in respect to whom the service was to be made, as required by section 3539 of the General Statutes.

But section 3052 of the General Statutes, as amended by Stats. 1889, p. 22, and which is made applicable to justices' courts, provides: " When the person on whom the service is to be made resides out of the state   *   *   *   and the fact shall appear by affidavit to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit, or by a verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made,   *   *   *   such court or judge may grant an order

that the service be made by the publication of the summons. (Section 3125, Comp. L. 1900.)

The complaint filed clearly states a cause of action against Zenas Pratt, the defendant therein named, but it is not verified. The affidavit states: "* * * that the complaint was filed in the above-entitled court and cause on the 26th day of June, 1899; that said action is brought to recover the sum of fifty-six dollars and ninety-nine cents, which said cause of action is fully set forth in the complaint of plaintiffs on file herein, and which complaint is hereby referred to, and made a part of this affidavit. * * *"

The complaint consists of a copy of an account against said defendant for goods, wares, and merchandise, and is sufficient as a complaint in justice's court (section 3809, Comp. L. 1900), and "it is allowed to import allegations that must be expressly made in similar actions commenced in the district courts." (*Martin* v. *District Court*, 13 Nev. 85.)

The complaint in said action is equivalent to the allegations that between the 8th day of March, 1898, and the 20th day of June, 1898, the said plaintiffs sold and delivered to the said defendant at his request goods, wares, and merchandise, to wit: (as specified in said account) of the reasonable value of $72 99, and that the whole of said sum was at the date of filing of the account due and unpaid, except the sum of $16 which has been paid. (13 Nev. 85, *supra.*)

In *Legare* v. *Cal. S. R. R. Co.*, 76 Cal. 610, the court considered that a certain affidavit for the publication of summons was sufficient under the statute of that state. The affidavit was substantially the same as the one in question here, as to the showing made of the existence of a cause of action, and the California statute is the same as said section 3052 with respect to the showing to be made. The court held that, if the complaint be not verified, the affidavit may refer to and adopt its contents; that in such case the oath to the affidavit is an oath to the contents of the complaint referred to. We are of opinion that the affidavit in question properly showed the existence of a cause of action against the defendant.

*Attachment:* The justice issued a writ of attachment

against the property of the defendant in said action. Counsel contends that the affidavit filed therefor was not sufficient to authorize the issuing of the writ, because, as he claims, it does not show "the nature of the plaintiff's claim, that the same is just, and the amount which affiants believe the plaintiffs are entitled to recover."

Section 3219, Comp. L. 1900, provides: "The clerk of the court shall issue the writ of attachment upon receiving and filing an affidavit by or on behalf of the plaintiff showing the nature of the plaintiff's claim, that the same is just, the amount which the affiant believes the plaintiff is entitled to recover and the existence of any one of the grounds for an attachment enumerated in the preceding section."

Section 3219 is made applicable to justices' courts by section 3622; the word "justice" deemed to be inserted for the word "clerk." The affidavit was made by one of the plaintiffs. It shows that the action was brought by the plaintiffs against the defendant to recover the sum of $56 99 for goods, etc., sold and delivered to him at his request; and it is averred that Zenas Pratt, the defendant, is indebted to said plaintiffs in said sum, over and above all legal set-offs or counterclaims. It shows the existence of the first and second "grounds for an attachment enumerated in the preceding section." (Section 3218.) We think that the affidavit made sufficient showing to warrant the issuing of said attachment.

*Service of Summons:* In lieu of the publication of the summons, and deposit of a copy thereof, with a copy of the complaint, in the postoffice, as ordered by the justice, personal service of a copy of the summons and complaint was made on the defendant, in the city of San Francisco, State of California, on the 21st day of July, 1899; and the judgment, as it will be observed, was given and entered against him on the 7th day of August. Less than three weeks had then expired from the date of said personal service. The contention of counsel for petitioner is that the justice acquired no jurisdiction, by such service, of the person of the defendant in said action, the petitioner here, and that by reason thereof the justice exceeded his authority in giving and entering said judgment against him, and therefore that said judgment is null and void.

We agree with counsel in this contention.

"When a summons is to be served by publication, or out of the state, the time mentioned in the summons for the appearance of the defendant shall be not less than six weeks nor more than four months from the date of the issuance of the summons." (Section 3539, Gen. Stats.)

"* * * When publication is ordered, personal service of a copy of the summons and complaint out of the state shall be equivalent to publication and deposit in the post-office. The service of summons shall be deemed complete in case of publication at the expiration of six weeks from the first publication, and in case where a deposit of a copy of the summons in the postoffice is also required, at the expiration of six weeks from such deposit." (Id.)

We think it evident from the above provisions of the statute that the service is not complete until at the expiration of six weeks from the date of personal service out of the state, when such service is made in lieu of publication, or in lieu of publication and deposit in the postoffice when such deposit is also required.

Until the service of the summons is complete, the justice cannot acquire jurisdiction of the person of the defendant, except by the voluntary appearance of the defendant; and, when he enters judgment against a defendant by default before the service is complete, he exceeds his jurisdiction, and the judgment is void. No appeal lies from such judgment, and it may be annulled on *certiorari*. (*Little* v. *Currie*, 5 Nev. 90; *Roy* v. *Whitford*, 9 Nev. 370; *Martin* v. *District Court*, 13 Nev. 85.) Many other cases of like import might be cited.

There are two other judgments involved in this proceeding, entered by said justice against the petitioner, the defendant therein—one, in the case of F. W. Day, plaintiff, against Zenas Pratt, defendant, for the sum of $31 and costs; the other, in the case of Otto Schulz, plaintiff, against the same defendant, for the sum of $22 25 and costs. A copy of an account was filed in each case for a complaint; also, an order was made in each case for publication of summons, and publication was made for the required time. The affidavits for publication were similar to the affidavit in the case first

above named. What was said with reference to said affidavit is applicable to each of the other two, and for the same reason, and upon the same authority, we hold that said affidavits were sufficient to authorize publication of the summons.

Counsel contends that each of said judgments is void, for the reason that it does not appear from the record that in either case was there made a deposit of .the summons and complaint in the postoffice, directed to the defendant at his place of residence, as required by law. The statute requires such deposit only in case the place of residence of the defendant is known. The affidavit in each of these two cases states that said "defendant is a non-resident of this state, but is a resident of the State of California, county unknown."

We think that such affidavit is sufficient to show that the defendant resided out of this state (*Furnish* v. *Mullan*, 76 Cal. 647, 18 Pac. 854), and that his place of residence in California was unknown to the affiant. The copy of the summons and complaint is to be directed to the defendant at his place of residence out of the state, and deposited in the postoffice only when such place of residence is known. (Section 3126, Comp. L. 1900.)

In the case of C. E: Wylie and Ed J. Walsh, plaintiffs, against Zenas Pratt, defendant, the judgment therein given is hereby annulled, upon the ground that no jurisdiction of the person of the defendant was acquired.

With respect to each of the other two cases, the writ of *certiorari* issued herein is dismissed.