[No. 1832]

# MINERVA SHERWIN, APPELLANT, v. BILLY E. SHERWIN, RESPONDENT.

1. PROCESS—PERSONAL SERVICE WITHOUT STATE—CONSTRUCTION OF STATUTE.

Civil practice act, sec. 31 (Comp. Laws, 3126), prior to the amendment of 1909, provided that, when service by publication is ordered, personal service of a copy of the summons and complaint out of the state shall be equivalent to publication and deposit in the postoffice, and that the service of summons shall be deemed complete in cases of publication at the expiration of six weeks from the first publication, and that in cases when a deposit of a copy of the summons and complaint in the postoffice is also required, at the expiration of six weeks from such deposit. *Held*, that, when personal service without the state is made in lieu of publication, or in lieu of publication and deposit in the postoffice, the service is not complete until the expiration of six weeks from such personal service, and, where such service was made November 10th, defendant had forty-two days after the service in addition to the statutory period of forty days in which to answer, and a default entered December 21st and a decree thereon entered December 28th were premature, and plaintiff could have them set aside.

## ON PETITION FOR REHEARING

1. PROCESS—PERSONAL SERVICE WITHOUT STATE—STATUTES.

Under section 31 of the civil practice act (Comp. Laws, 3126), providing, prior to the amendment of 1909 (Stats. 1909, c. 69), that when service by publication is ordered personal service of a copy of the summons and complaint out of the state shall be equivalent to publication and deposit in the postoffice, such a personal service is equivalent to a completed service by publication, as regards the time for answer.

2. PROCESS—SERVICE—RETURN.

The one by whom summons was served was, presumptively, a citizen of the United States over 21 years, and so authorized by section 31 of the civil practice act (Comp. Laws, 3123), to serve it; the return reciting that he was a constable and deputy sheriff of a county of California.

3. JUDGMENT—DEFAULT—SHOWING MERITORIOUS DEFENSE.

The affidavit of defendant's counsel to open a default and set aside the judgment, that he is familiar with the defense to be interposed in this action and believes it to be good and meritorious, is an insufficient showing.

APPEAL from the District Court of the Seventh Judicial District of the State of Nevada, Esmeralda County; *Peter J. Somers,* Judge.

Action by Billy E. Sherwin against Minerva Sherwin.

From an order denying defendant's motion to open a default and set aside a judgment of divorce, defendant appeals. **Reversed and remanded,** with directions. On petition for rehearing former decision vacated and order appealed from **affirmed.**

The facts sufficiently appear in the opinion.

*John M. Breeze,* and *Thomas E. Flanagan,* for Appellant.

*Key Pittman,* and *Stevens & Van Pelt,* for Respondent.

*Campbell, Metson & Brown,* and *Walter Shelton, amici curiæ..*

By the Court, NORCROSS, C. J.:

This is an order from an appeal denying the motion of the defendant, appellant herein, to open a default and to to set aside a judgment and decree dissolving the bonds of matrimony existing between the above-named parties. The above-named respondent instituted a proceeding for divorce in the First (now Seventh) Judicial District Court in and for the County of Esmeralda on the 10th day of October, 1908. Upon the same day, he duly procured an order for the service of summons by publication, which order also directed that a copy of the complaint and summons be mailed to the defendant at her address at Pasadena. The record contains an affidavit showing that a copy of the complaint and summons was duly mailed to the defendant, but there is no showing that the summons was ever published in pursuance of the order. The service relied on and the only one which could be relied on is that made by one W. C. Austin, who made return by affidavit attached to the original summons that he was at the time of such service a citizen of the United States over the age of 18 years; that he personally served the summons on the said defendant by delivering to and leaving with the said defendant personally at the city of Pasadena, in the county of Los

Angeles, State of California, a copy of said summons attached to a copy of the complaint, on the 10th day of November, 1908.

Subsequently, to wit, on the 21st day of December, 1908, default was entered against said defendant. Thereafter, on the 28th day of December, 1908, pursuant to said default, the matter was heard by the district court upon plaintiff's complaint, and a decree dissolving the bonds of matrimony then existing between said plaintiff and defendant was entered in the cause. Thereafter and on the 12th day of January, 1909, the said defendant through her attorneys tendered to the clerk of the court a demurrer to the complaint therein on file, which demurrer was refused filing by said clerk upon the ground that "the case was closed." Thereafter, and on the 29th day of January, 1909, the defendant through her attorneys filed a motion to set aside the default and decree entered in said cause on the ground that the defendant was surprised at the entering of said default and granting of said decree, inasmuch as said order and decree were entered prior to the legal time being expired for the defendant to answer. Thereafter, and on the 6th day of February, 1909, said motion came on to be heard and was denied by the court.

This appeal presents the sole question of the legal time allowed by the statutes of this state prior to the amendment of 1909, in which a defendant may appear and answer when personal service has been obtained without the state. A defendant served with summons without the state is entitled to forty days to answer after such service. If the service upon the defendant was in law complete on the 10th day of November, 1908, then the default and decree were not prematurely entered, but if, as contended by counsel for appellant, personal service without the state, in lieu of publication of summons, is not complete until six weeks after such personal service, then the defendant had in reality eighty-two days to answer after such personal service, instead of forty days. If the appellant's contention is correct that the default

and decree were prematurely entered, the court erred in refusing to set aside the same on motion of counsel for defendant. (*Forsyth* v. *Chambers*, 30 Nev. 337.)

Section 31 of the civil practice act (Comp. Laws, 3126) provides: "The order shall direct the publication to be made in a newspaper, to be designated by the court or the judge thereof as one most likely to give notice to the person to be served, for a period of six weeks.  *  *  * When publication is ordered, personal service of a copy of the summons and complaint out of the state shall be equivalent to publication and deposit in the postoffice. The service of summons shall be deemed complete in cases of publication at the expiration of six weeks from the first publication, and in cases when a deposit of a copy of the summons and complaint in the postoffice is also required, at the expiration of six weeks from such deposit."

While the provisions of section 31 of the civil practice act, *supra*, have not heretofore directly come before this court for construction, nevertheless the identical question was presented in the case of *Pratt* v. *Stone*, 25 Nev. 365, in construing the provisions of section 517 of the civil practice act (Comp. Laws, 3612), relating to service of summons issued by justice courts upon a defendant residing without the state; the provisions of said sections 31 and 517 being identical in their requirements. After setting out the provisions of said section 517, this court in *Pratt* v. *Stone, supra,* said: "We think it evident from the above provisions of the statute that the service is not complete until at the expiration of six weeks from the date of personal service out of the state when such service is made in lieu of publication or in lieu of publication and deposit in the postoffice when such deposit is also required."

The construction thus placed upon these provisions of our statute is in accordance with the construction placed upon similar provisions appearing in the codes of New York and California, from whence our statute is derived. (*Bank* v. *Bank,* 89 N. Y. 397; *Brooklyn Trust Co.* v. *Bul-*

*mer,* 49 N. Y. 84; *Tomlinson* v. *Van Vechten,* 6 How. Prac. (N. Y.) 199; *Abrahams* v. *Mitchell,* 8 Abb. Prac. (N. Y.) 123; *McBlain* v. *McBlain,* 77 Cal. 507, 20 Pac. 61.)

This, we think, is also the construction which has generally been placed upon this provision of our civil practice act by the district courts of this state.   In order to revise this generally accepted construction, the last legislature amended the provision of section 31 so that said section now contains the provision: "When publication is ordered, personal service of the copy of summons and complaint, out of the state, shall be equivalent to completed service by publication and deposit in the postoffice, and the person so served shall have forty days after said service to appear and answer or demur."

The order appealed from is reversed and the cause remanded, with directions to the trial court to enter an order setting aside the default and decree, and permitting the defendant to plead to the plaintiff's complaint.

SWEENEY, J.: I concur in the judgment.

TALBOT, J., concurring:

I concur in the order because the judgment and default in the district court are based upon an affidavit which states that the person who made the service of the summons upon the defendant was over 18 years of age.   This is the age required by the California statute.   Section 28 of the practice act (Comp. Laws, 3123) requires the service to be made by the sheriff or his deputy, or by a citizen of the United States over 21 years of age, and allows the service when made in this state to be shown by affidavit or certificate of the sheriff or deputy, or by affidavit of the person making the service.   When the service is made out of the state, it may be proved by affidavit of any person showing that he has served the summons, and that at the time of such service he was a citizen of the United States over 21 years of age.   (*Maynard* v. *McCrellish,* 57 Cal. 355; *Horton* v. *Gallardo,* 88 Cal. 581, 26 Pac. 375.)

No support is found in the language of the statute, or in the cases now cited, for the statement of this court regarding section 517 of the practice act, briefly expressed in *Pratt* v. *Stone*, 25 Nev. 365, that "we think it evident from the above provisions of the statute that service is not complete until after the expiration of six weeks from the date of personal service out of the state when such service is made in lieu of publication, or in lieu of publication and deposit in the postoffice when such deposit is also required." If, instead of properly overruling that decision, it be allowed to stand as a construction controlling the service and time for answering under the provisions relating to justice courts, I do not think it ought to be extended or applied to actions in the district court.

Giving force to the ordinary meaning of the words used, the language in section 31 that the order shall direct "the publication to be made * * * for a period of six weeks," and that, "when publication is ordered, personal service of a copy of the summons and complaint out of the state shall be equivalent to publication and deposit in the postoffice," means that personal service out of the state shall be equivalent to publication and deposit in the postoffice, and consequently equivalent to the publication indicated and directed by that section, which is for six weeks. The statute does not state that service out of the state shall be equivalent to one insertion of the summons in the newspaper, but means that such service shall be equivalent to completed publication for that period. Hence it is not necessary after the service out of the state to wait for six weeks as a period of publication, for no publication is required when the defendant is served out of the state, and the very object of such service is to avoid publication. As "the service of summons shall be deemed complete in case of publication at the expiration of six weeks from the first publication," and the service out of the state is made "equivalent to publication," such service is equivalent to full publication, and makes the service complete.

Sections 24 and 25 provide that the time in which the

summons shall require the defendant to answer the complaint shall be ten days if the defendant is served in the county in which the action is brought, twenty days if the service is made out of the county, but in the district in which the action is brought, and forty days in all other cases.    The conclusion is that as the statute makes the personal service of summons upon the defendant out of the state after order of publication equivalent to publication, which means completed publication, the defendant has the same time to answer after personal service upon him out of the state that he would have after the close of the six-weeks' period of publication, if he were served by publication, which is forty days.    Hence in my judgment section 31 previously had the same meaning which the legislature has explicitly given it by the amendment of 1909, and the district court was right in its conclusion that personal service out of the state was complete at the time it was made, and that defendant was allowed only forty days thereafter in which to answer.

In the McBlain case, 77 Cal. 507, 20 Pac. 61, there was no question presented or determined similar to the one here.    The New York decisions were expressly based upon section 137 of the code in that state, which does not appear in ours.    (*Market Nat. Bank* v. *Pacific Nat. Bank*, 89 N. Y. 399; *Brooklyn Trust Co.* v. *Bulmer*, 49 N. Y. 85.)

Subdivision 5 of section 135 of the New York code (Laws N. Y. 1864, Voorhis's Code, 8th Rev. Ed.) contained a provision very similar to section 31 of our practice act, but section 137 in New York provided that: "In the cases mentioned in section 135, the service of the summons shall be deemed complete at the expiration of the time prescribed by the order of publication."

Although our practice act states that, in cases of service by publication and deposit in the postoffice, the service shall not be deemed complete until after the expiration of six weeks, it does not contain any provision similar to section 135 in New York, nor any other specifying that personal service of summons out of the state shall not be deemed complete at the time of such service

or until the expiration of the period prescribed by the order of publication. The construction given by the court in *Pratt* v. *Stone*, and followed by the chief justice in his opinion, would result in legislating into our practice act a provision which it never contained, but which was enacted as a part of the New York code.

In *Dykers* v. *Woodward*, 7 How. Prac. (N.Y.) 313, it was held that the time to answer commences to run from the day of the personal service out of the state, and in the opinion by Justice Roosevelt it is said. "When, therefore, the code says that 'personal service of a copy of the summons and complaint, out of the state is equivalent to publication,' it means equivalent to complete service, so as to make the twenty days' limitation of the period to answer commence running from the day of such service. The six successive weekly insertions of the advertisement are not with the view of giving time to a distant party to answer, but to increase the chances of his getting notice of the suit. Two or three insertions, the law presumes, might be overlooked. It requires at least six at intervals of a week each to raise a legal presumption of notice; and even then it is but a presumption. Still, for the purpose of rendering the proceedings valid, it is allowed to have the effect of actual notice. Why, then, should not personal service, which is actual notice, have the same effect?"

In the past judgments may have been rendered upon default taken more than forty days after order of publication and personal service out of the state without waiting an additional period of six weeks for a publication which did not take place and was not required by the terms of the practice act. If any questions regarding the validity of these judgments based upon defaults entered in compliance with the evident requirements of the statute arise in the future, they ought to be sustained, regardless of any decision heretofore rendered affecting the practice in justice courts. Otherwise, grave consequences may ensue, divorces may be declared void, marriages bigamous, children illegitimate, and property rights may be lost. Protection from these results ought to be

afforded when it may be attained by a fair construction of the statute.

### ON PETITION FOR REHEARING

*Per Curiam:*

A rehearing of this case was granted upon petition of *amici curiæ* upon the ground that the question involved was of public interest and affected, or might seriously affect, other cases throughout the state that had gone to judgment.

Upon the former hearing of the case, while the court reached an agreement as to the disposition of the appeal, practically no agreement was reached as to the law governing the main question involved. The court, however, was agreed, at the time of the former decision in this case, that, were it not for the decision of this court in the case of *Pratt* v. *Stone*, 25 Nev. 365, construing the provisions of section 517 of the practice act of 1869 (Comp. Laws, 3612), which were, so far as the point here involved is conceived, identical with the provisions of section 31, the section under construction in this case, that the construction placed upon the section by the trial court would have been approved. The two sections referred to related to the manner of the service of summons in the justice's court and the district court respectively.

A further consideration of the question convinces us that we ought not to apply the decision in the Pratt case, *supra*, to the case at bar, for the reason we think the court reached an erroneous conclusion in that case, and that such erroneous conclusion ought not to be extended to another section of the practice act, even though the language of the two sections are identical, where it appears that, to follow the Pratt decision, judgments in other cases would or might be affected, to the great injury of innocent parties. We are now convinced that for many years some of the district courts of the state have held to the view that personal service of a summons upon a defendant outside of the state in the manner set forth in the statute was equivalent to publication for the

full period of six weeks and amounted to completed service by publication; that the time for answer was forty days from such service; and that many judgments have been entered in pursuance of this theory of the law, which we are satisfied upon further consideration is the correct construction, notwithstanding the rule applied in the Pratt case as to service of summons issued from a justice's court.

In *State* v. *Brown*, 30 Nev. 495, we refused to apply to procedure in justices' courts a rule of construction that had become the settled law as to procedure in district courts, because of the harshness of the rule. While there might be greater reason for not applying to justice's courts a harsh rule which had become the settled law by repeated decisions so far as district courts were concerned, than would exist where it is sought to reverse the application of the rule, nevertheless, in this case, the proper construction of the section of the statute in question has always been a matter of some doubt and differences of opinion in the several district courts of the state. This divergence of view led to an amendment of section 31 by the legislature of 1909, specifically declaring that: "When publication is ordered, personal service, * * * out of the state, shall be equivalent to completed service by publication and deposit in the postoffice, and the person so served shall have forty days after said service to appear and answer or demur." (Stats. 1909, p. 76.) This amendment, we think, only made clearer what was intended by the legislature of 1869 in the original enactment of the section.

As an entirely new civil practice act went into effect January 1, 1912, and as the provisions of the amendment of 1909 are embodied in the new act (Rev. Laws, 5027), the construction here placed on section 31 of the old act will have the effect of removing any uncertainty as to the validity of former judgments which rest upon service of summons on defendants residing without the state, where the procedure was in accordance with the construction of section 31 here placed.

As to the question that there is no valid proof of serv-

ice of summons on the defendant, for the reason that the return fails to show that the person making the service was at the time over 21 years of age as required by our statute, a further examination of the record satisfies us that this objection is also without merit.

Two affidavits of the serving party are attached to the summons, one following the California form, which recites that the party serving was "over the age of 18 years" instead of setting out that he was over 21 years of age, as required by our statute, and the other affidavit recites the additional fact that the serving party was at the time he served the summons a constable and deputy sheriff of the county of Los Angeles, State of California, the county and state in which the service was made.

Section 28 of the old practice act (Comp. Laws, 3123) in force at the time the summons was served, provides: "The summons shall be served by the sheriff of the county where the defendant is found, or by his deputy, or by any citizen of the United States over twenty-one years of age; and, except as hereinafter provided, a copy of the complaint, certified by the clerk or the plaintiff's attorney, shall be served with the summons. When the summons shall be served by the sheriff or his deputy, it shall be returned with the certificate or affidavit of the officer, of its service, and of the service of a copy of the complaint, to the office of the clerk of the county in which the action is commenced. When the summons is served by any other person, as before provided, it shall be returned to the office of the clerk of the county in which the action is commenced, with the affidavit of such person of its service, and of the service of a copy of the complaint."

Our attention has not been called to any decision holding for or against the authority of a sheriff or deputy, as such officer, to make service of process in a foreign state, and we shall not enter upon a consideration of that question. Presumptively, however, a sheriff, deputy sheriff, or constable is a citizen of the United States and of lawful age.

The contention that the appellant waived any question

as to the validity or sufficiency of service by appearing generally and not specially to move to set the same aside, and the question as to the right of an appeal from the order refusing to set aside the judgment, will not now be considered, for the reason that these questions are not necessary to a disposition of the case, and have been raised for the first time upon rehearing. Counsel for respondent never filed a brief or orally argued the case.

In the affidavit of counsel for defendant, in support of the motion to set aside the judgment, was the mere statement that "affiant is familiar with the defense to be interposed in this action, and he believes such defense to be good and meritorious." No other showing appears by the record to have been made, and it cannot be said that the court erred in deeming this insufficient.

The order heretofore made upon the appeal is vacated, and the order appealed from is affirmed.