[No. 18046.   Department Two.—October 13, 1893.]

## DAVID E. MULKEY, RESPONDENT *v.* SARAH N. MULKEY, APPELLANT.

DIVORCE—SETTING ASIDE DEFAULT—AFFIDAVIT OF MERITS—PROPOSED ANSWER.—Upon an application to set aside a default judgment in an action for divorce an affidavit of merits by the defendant has no place as such, on grounds of public policy, but may nevertheless serve the purpose of a proposed answer, where it specifically denies the material allegations of the complaint.

ID.—SETTING ASIDE DIVORCE FOR ADULTERY—HARSH JUDGMENT—MISREPRESENTATION BY HUSBAND—DENIAL BY WIFE.—A judgment by default in an action for divorce on the ground of adultery, awarding the husband the four minor children, three of whom are girls, the eldest being about eight years old, and assigning to him all of the community property, is a harsh judgment, and it is error for the court to refuse to set it aside upon an application therefor by the wife, where her affidavit denies specifically the material allegations of the complaint, and states facts showing either collusion between the parties, or that the wife was grossly misled and deceived by her husband as to the ground of the proposed action, he having informed her that it would be brought on the ground of desertion.

APPEAL from a judgment of the Superior Court of Modoc County and from an order denying a motion to vacate and set aside the judgment.

The facts are stated in the opinion of the court.

*Spencer & Raker*, for Appellant.

*D. W. Jenks*, and *J. D. Goodwin*, for Respondent.

FITZGERALD, J.—The transcript in this case contains two appeals, one from the judgment decreeing to plaintiff a divorce on the ground of adultery, the other, from an order denying defendant's motion to vacate and set aside the judgment.

The complaint was filed April 6, 1891, and the defendant served with process April 8, 1891.

On the twenty-first day of April, 1891, the defendant having failed to appear and answer, default was duly entered against her, and on the twenty-third day of April, 1891, the court, upon the testimony taken before it, found that all the allegations of the complaint were true, and thereupon judgment was accordingly entered granting to plaintiff a divorce from the defendant on the ground stated. The judgment awarded to plaintiff the four minor children, three of whom were girls, the eldest being about eight years of age, and assigned to plaintiff all of the community property.

The motion was made on all the grounds enumerated in section 473 of the Code of Civil Procedure, and upon the further ground of the disqualification of the presiding judge, and was heard on notice and affidavits of the defendant and others, including one of merits, and was resisted by opposing affidavits.

An affidavit of merits on grounds of public policy has no place in a proceeding of this character. (*McBlain* v. *McBlain*, 77 Cal. 507.) The motion should have been heard and determined alone upon the grounds stated in the notice and affidavits. The facts stated in the affidavit of defendant show either collusion between the parties, or that the defendant was grossly misled and deceived by her husband as to the ground of the proposed action, he having informed her, as she states, that it would be brought on the ground of desertion. In either case the court should have been prompt to set aside the judgment and allow the defendant to answer, so that the case might be heard and determined on its merits. The judgment is a harsh one, and fearful in its consequences. It deprives the defendant, among other things, of chil-

dren, home, property and character. To justify such a judgment the evidence should always be clear and convincing; and when obtained in an action of this character, under circumstances such as are disclosed by the record in this case, it should, upon a proper application, made by the defendant for that purpose, be vacated without hesitation, and a much slighter showing than the one here made would be amply sufficient for the purpose. The affidavit of the defendant, in so far as it purports to be an affidavit of merits, was, as we have stated, immaterial; but, in this case, although the practice is not to be commended, it serves the purpose of a proposed answer by specifically denying the material allegations of the complaint, thereby showing what the answer would be if permitted to be filed.

This is a sufficient reply to appellant's claim that no draft of any proposed answer accompanied the application.

Judgment and order reversed and cause remanded, with directions to the court below to vacate and set aside the judgment, and to allow the defendant to answer within a reasonable time.

DE HAVEN, J., and McFARLAND, J., concurred.