[L. A. No. 2134. In Bank.—February 13, 1908.]

## CARRIE E. LOCKE, Appellant, v. WILLIAM C. LOCKE, Respondent.

DIVORCE — WILLFUL NEGLECT — FAILURE TO SUPPORT WIFE — SUPPORT FROM WIFE'S EARNINGS—DELAY IN COMMENCING ACTION—LACHES. —Under sections 92, 105, and 107 of the Civil Code, a wife is entitled to a divorce on account of the willful neglect of her husband, if for a continuous period of one year prior to her application therefor he neglected to provide for her the common necessaries of life, by reason of his idleness and dissipation, and during that period she did not support herself from her own earnings. And the fact that for eight years prior to such period she did support herself from her own earnings is not a ground for denying the divorce. Her failure during such periods to institute a prior action for divorce would not bar her right thereto under sections 124 and 125 of the Civil Code, nor operate to estop her by laches.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Gardner & Fairall, and Cyril H. Bretherton, *Amicus Curiæ,* for Appellant.

William E. Locke, for Respondent.

McFARLAND, J.—This is an action by the wife against
the husband for a divorce upon the ground of willful neglect.
The court made findings and rendered judgment denying the
divorce. From this judgment plaintiff appeals.

It is averred in the complaint "that the defendant for
more than one year last past has failed to provide the plaintiff
the common necessaries of life because of his idleness, profli-
gacy, and dissipation." The court found "that the defendant
for more than one year last past has failed to provide the
plaintiff the common necessaries of life, because of his idle-
ness and dissipation; that he was an able-bodied man able to
earn good wages and to have the means and ability to furnish
plaintiff the common necessaries of life but has wholly failed
to furnish her with the common necessaries of life." The court
further finds that the plaintiff and defendant intermarried
in the city of Denver, in the state of Colorado, on the eighth
day of September, 1897. It further finds "that shortly after
the marriage of plaintiff and defendant they went from
Colorado to Texas, and during their stay in Texas plaintiff
was compelled to and did support herself; that thereafter
the defendant left the plaintiff in Texas without any means
of support, going to Denver, where the plaintiff afterwards
joined him; that the defendant failed to make any provision
at all for the plaintiff, who, with money furnished by her
relatives, started a hair-dressing parlor, where, in connected
rooms, plaintiff and defendant resided during about three
years prior to the plaintiff coming to California. During
all this time plaintiff was compelled to and did support herself
by her own earnings and the defendant contributed nothing
toward her support, but on the contrary was furnished by
her with money from her earnings, and pawned some of her
personal effects and used the money." From these facts
the court found as conclusions of law "that the plaintiff
was supported by her own earnings for eight years prior to
the commencement of this suit and that said earnings were
the community property of plaintiff and defendant," and
further that "there was an unreasonable lapse of time before
the commencement of this action, even before the plaintiff
came to California. The divorce must be denied." But the
court further found "that plaintiff by reason of ill health
brought on by overwork gave up her business in Colorado

and came to California in October, 1905, that during the
time since leaving Colorado she has been unable to support
herself, but has been assisted by friends to the extent of
being furnished board and lodging free by them." We are
of the opinion that upon the findings the court should have
given judgment for plaintiff, and erred in denying it. "Will-
ful neglect" is enumerated in section 92 of the Civil Code
as a cause of divorce, and is defined in section 105 as "the
neglect of the husband to provide for his wife the common
necessaries of life, he having the ability to do so; or it is the
failure to do so by reason of idleness, profligacy, or dissipa-
tion"; and by section 107 it must continue for one year. If
it be law, as intimated by the court below (which question
we do not here consider or determine), that a wife cannot
obtain a divorce for willful neglect if she supports herself
by her own work because her earnings are community prop-
erty and therefore, in legal contemplation, contributed by
the husband, still that harsh rule would not defeat the action
in the case at bar; because for more than a year before the
commencement of the action plaintiff could not and did not
support herself, and therefore, according to this theory, she
had no cause of action until she ceased her self-support.
There was, therefore, willful neglect for more than the full
statutory period immediately before the commencement of
the suit, entirely free of any consideration of former self-
support of the wife; and this constituted, in itself, a perfect
and independent cause of action not affected by the previous
conduct of the parties. We do not think that the provisions
of sections 124 and 125, Civil Code, relating to "unreasonable
lapse of time before the commencement of the action," affect
the case at bar. It would be attributing to the legislature
a very unjust and unreasonable purpose to hold the meaning
of the code to be that when a husband is guilty of willful
neglect to provide for his wife she must immediately, or
within any particular time, commence an action for divorce
and must not endeavor to support herself and avoid what
may be to her the very disagreeable event of a divorce, or
she must forfeit forever the right to procure a divorce for
willful neglect, either past or future; and to compel that
purpose to be attributed to the legislature would require
language to that effect much more direct and clear than that

found in the code. It is not the policy of the law to encourage divorces and to urge wives to bring suit to obtain them. We do not think that in the case at bar the plaintiff is estopped by laches from maintaining the present action merely because under the facts developed in the record she refrained from bringing other suits for previous willful neglects by defendant. (See *Thompson* v. *Thompson,* 121 Cal. 11, [53 Pac. 403].)

The judgment is reversed and the cause remanded with directions to the superior court upon the findings as they stand, to render an interlocutory judgment of divorce in favor of plaintiff as prayed for in the complaint.

Sloss, J., Angellotti, J., Lorigan, J., and Henshaw, J., concurred.

SHAW, J., concurring.—I concur in the judgment. During the time the plaintiff supported herself she had no cause of action for divorce on the ground of non-support. (*Washburn* v. *Washburn,* 9. Cal. 476; *Rycraft* v. *Rycraft,* 42 Cal. 445.) The delay during that time to begin the action could not affect the case, for she then had no right of action. The cause of action she had was for non-support during the year ending in October, 1906. She began the action therefor on November 8, 1906.