[Civ. No. 1750.   Second Appellate District.—May 12, 1915.]

## PETREA MARIA HANSEN, Respondent, v. HANS PETER HANSEN, Appellant.

DIVORCE—WILLFUL NEGLECT—SUFFICIENCY OF EVIDENCE.—In this action for divorce upon the ground of defendant's willful neglect and failure to provide, it is held that the evidence was sufficient to support the findings in favor of the plaintiff, although she was supported in part by her earnings and in part by the charity of friends.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Charles Munroe, Judge.

The facts are stated in the opinion of the court.

E. M. Barnes, for Appellant.

Roy V. Reppy, for Respondent.

SHAW, J.—Action for divorce upon the ground of willful neglect and failure to provide.

Defendant answered denying the allegations of the complaint, and filed a cross-complaint alleging grounds upon which he asked for a decree of divorce.

The court found the allegations of the cross-complaint to be untrue, and found that for more than one year prior to the filing of the complaint defendant, by reason of his idleness, willfully neglected to provide for plaintiff the common necessities of life.   An interlocutory decree in favor of plaintiff

27 Cal. App.—26

followed, from which defendant appeals, adopting the alternative method in bringing up the record.

The only question presented which merits attention is the sufficiency of the evidence to justify the finding in favor of plaintiff. The evidence fairly tends to show that defendant, for more than a year prior to the commencement of the action, was a man some forty years of age, in good, health, having a family consisting of his wife, the plaintiff herein, and young son; that during said time he was unemployed and earned no money whatsoever; that plaintiff engaged in embroidering monograms and other like work when she could obtain it, earning some forty dollars or fifty dollars per month; that such sum was inadequate for the support of herself and son, both of whom, on account of defendant's neglect and her own inability to earn more, were dependent upon the generosity of charitable ladies for donations of necessities to enable them to live. The son corroborated this evidence by testifying that his clothing, consisting of undershirts, shirts, shoes, trousers, and coats, were given to him as a matter of charity by ladies with whom his mother was acquainted. The wife's earnings were community funds the same as though they were the result of the husband's honest labor; hence, if her earnings were sufficient to provide the common necessities of life for herself and son, while the husband lived in idleness, she would have no legal ground for complaint. While such rule seems harsh, nevertheless it is the law. (*Washburn* v. *Washburn,* 9 Cal. 476; *Rycraft* v. *Rycraft,* 42 Cal. 445; *Locke* v. *Locke,* 153 Cal. 56. [94 Pac. 244].) The evidence, both in chief and as to corroboration thereof, is meager; nevertheless we cannot say it is insufficient to support the finding attacked. In part at least, plaintiff was dependent upon the charity of friends for the common necessities of life.

The judgment is affirmed.

Conrey, P. J., concurred.

JAMES, J., concurring.—I concur in the judgment for the reason, as stated, that there was sufficient evidence upon which to warrant a decree of divorce being awarded to the plaintiff. I am not willing to concur in the statement made unreservedly in the foregoing opinion that where the wife's earnings are sufficient to provide her with the common necessaries of life

she will have no cause for divorce against an able, though idle, husband. Giving this declaration the full effect which its statement imports, a wife who is refused support by an able bodied husband who does not work only because he wills not to, must actually starve or receive support from charity before she is entitled to the benefit of the law designed to give her freedom from her worthless mate. If she is driven, in order to gain the bare necessities, to work, then she must renounce the right to pursue the remedy for divorce, and, moreover, the law will with great irony say to her that even what she then earns is community property within the control of the husband and which he may take away from her—or perhaps divide. In my view, no such a situation was contemplated by the statutes. Primarily it is the husband's duty to support the wife and family. The code provides that where this duty is neglected, third persons may furnish the support on the husband's credit, if they are willing to trust to his ability to respond, and then collect from him. Section 105 of the Civil Code, defines willful neglect such as will furnish a cause of action for divorce, as being the neglect of the husband to provide the wife with the common necessities of life, he having the ability so to do. Surely it cannot be contemplated that the wife must support both herself and a shiftless and idle husband, if she chooses to work rather than to beg; and that only by depending upon the charity of friends can she supply a condition of proof entitling her to a decree of divorce.