[Civ. No. 5045. Second Appellate District, Division Two.—May 26, 1928.]

BERNICE N. HAMMOND, Appellant, v. W. D. HAMMOND, Respondent.

Thomas K. Case for Appellant.

Dennison, Towner & Kleber for Respondent.

STEPHENS, J., *pro tem.*—This is an action for divorce on the grounds of wilful neglect and extreme cruelty. No evidence was introduced upon the latter cause of action. An order to show cause was issued against the defendant, but thereafter a stipulation was entered into by and between the parties, through their attorneys, that such order might be set aside, which was done. The defendant did not plead to the complaint, and after expiration of the legal time counsel for plaintiff requested the clerk to enter his default. The record before us does not disclose whether or not the clerk ever entered the default, but we take it that he did, inasmuch as the case was set down for hearing as a default case and counsel in their briefs treat the case as though the default had been regularly entered. After plaintiff had put on her case the trial judge, noticing the defendant in court, called him to the witness-stand. To this plaintiff's counsel entered an objection upon the ground that such proceeding was incompetent, irrelevant, and immaterial. The objection was overruled and the court proceeded to examine defendant. The examination elicited testimony tending to prove the support of plaintiff by defendant, and revealed a number of canceled checks which defendant testified were given for the support of plaintiff. Counsel for plaintiff asserted in open court that the checks were spurious, that the plaintiff had been surprised with their production, and asked time in which to respond to this evidence. This proceeding was had on Thursday, December 6, 1923, and the court remarked: "We will take a recess now till next Friday." The reporter's transcript shows the next hearing to have been on January 23, 1924.

Meantime we learn from the clerk's transcript that an answer and cross-complaint was filed, but there is no record of any proceeding relieving defendant from his default. However, both sides to this appeal refer to the taking of the default and the relief therefrom as facts in the proceeding, and the court in the course of the proceedings does likewise. We shall therefore assume the default to have been entered and set aside. Much discussion was had as to whether the trial on January 23d should proceed without regard to the testimony taken before the relief from default, but it appears to have proceeded as an adjourned hearing and not *de novo*. The court denied the prayer of plaintiff and gave no relief under the so-called cross-complaint. This appeal is on behalf of the plaintiff, who summarizes her points as follows:

(1) "That plaintiff has proven her case of wilful neglect by uncontradicted evidence in the default case and is entitled to a decree of divorce on that ground."

█ We have read the record in its entirety and find that the parties lived together up to within about ninety days before the action was brought, and that plaintiff worked and kept her earnings, although the court was not informed as to the extent thereof nor whether or not they were reasonably sufficient for her needs. Much testimony was introduced tending to show that defendant expended considerable money for plaintiff's use, and this was fortified by bank checks. This testimony was inconsistent with plaintiff's testimony. Under these circumstances we cannot disturb the finding of the trial court. █ Upon the point that wilful neglect is not established if while the spouses are living together (we do not here intimate that living together or separate would or would not change the rule) the wife works and earns sufficient to provide for herself and she is permitted to use it, the trial judge referred to *Hansen* v. *Hansen*, 27 Cal. App. 401 [150 Pac. 70]. The cited case was pertinent, and had it been read, counsel for plaintiff, who doubted that the supreme court would support the doctrine therein announced, would have ascertained that the case was itself based upon decisions of the supreme court in *Washburn* v. *Washburn*, 9 Cal. 476; *Rycraft* v. *Rycraft*, 42 Cal. 445, and *Locke* v. *Locke*, 153 Cal. 56 [94 Pac. 244].

█ (2) ''That the trial court had not the right to set aside the default of the defendant without an affidavit of merits as contemplated in Section 473, C. C. P., after the default case had been tried and finished.''

This statement assumes a premise not sustained by the facts, in that it states that the default case had been finished. True, counsel for plaintiff had stated that he had no more to offer, but the court, desiring information, called the defendant to the stand as a witness, as it had a perfect right to do. This examination was left unconcluded, through the request of plaintiff's counsel, and was only terminated after the resumption of the trial more than a month later. Whether or not an affidavit of merit in connection with the motion to set aside the default was ever submitted to the court we cannot say, for the record is silent and there seems to be a difference between counsel on that point. It is unimportant, however, as no affidavit is required. We think the testimony of defendant, after having been called as a witness by the court, was sufficient to justify the court in opening the default. The following quotation from *Rehfuss* v. *Rehfuss*, 169 Cal. 86, at page 92 [145 Pac. 1020], states the situation in apt words:

''The rules of practice applicable to divorce actions differ in many respects from those which govern other actions. In an action for divorce, upon very slight showing the court will set aside a default, if application for relief be made in due time. And although in other actions a party seeking relief from default must support his motion by an affidavit of merits, no such affidavit is required on motion to set aside the judgment in an action for divorce. The law is at all times very solicitous to preserve the integrity of the family, the foundation of society. It cannot be destroyed by the mere consent, whim, or caprice of the parties to the marriage, nor can it be stipulated away in judicial proceedings. The relation can be dissolved only by consent of the state, and upon statutory grounds, presented in good faith to a court of competent jurisdiction. An action for divorce concerns not only the parties immediately interested, but also the state. The attorneys in the case represent the respective parties—the court in a sense represents the state, in accordance with the letter and policy of the law, to guard strictly against fraud, collusion, or imposi-

tion when the husband or wife seeks to dissolve the bonds that bind them together.''

See, also, *McBlain* v. *McBlain*, 77 Cal. 507 [20 Pac. 61], *Cottrell* v. *Cottrell*, 83 Cal. 457 [23 Pac. 531], and *Mulkey* v. *Mulkey*, 100 Cal. 91 [34 Pac. 621].

(3) ''That the record in this case shows that defendant had attorneys who appeared for him herein prior to the entry of the default.''

This is undisputed, and has absolutely no significance.

(4) ''That the judgment denying to plaintiff a decree of divorce on the ground of wilful neglect should be reversed and the trial court directed to enter its interlocutory decree granting a divorce to plaintiff and appellant.''

This is the same as point number 1, in different words.

We are constrained to remark that a proper briefing of authorities would have convinced counsel for appellant that this appeal was without merit, and would have enabled counsel for respondent to have cited pertinent authority in support of their side of the case, without putting this court to the necessity of searching for the proper doctrine and authorities in support thereof.

The judgment is affirmed.

Works, P. J., and Thompson, J., concurred.