Sixto Charneco Murillo, Plaintiff and Appellant, *v.* Amparo Piñol Román, Defendant and Appellee.

No. 8036. Argued June 21, 1940.—Decided July 5, 1940.

*Enrique Báez García* for appellant.   *C. H. Juliá* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

On October 8, 1938, Sixto Charneco Murillo brought an action for divorce against his wife, Amparo Piñol Román. The defendant was personally served with summons, and upon her failure to appear and answer, her default was entered on the 20th and in her absence the trial was held on the 21st of the same month and a judgment decreeing the divorce was rendered on that same day.

Notice of the judgment was sent by mail on October 22, 1938, and at the same time copy of such notice was filed with the record, the notice itself being returned by the Mayagüez Post Office to the office of the clerk of the court on November 4 following, as the envelope containing the same had not been claimed. Matters continued thus until at exactly the expiration of six months from the time of the attempted service of notice of the judgment, the defendant filed in the court *a quo* a verified motion entitled "Motion to reopen this case," in which, after setting forth the facts above stated, she alleged:

"That the defendant never received said notice of judgment.

"That on all of the dates above mentioned, the defendant was in an advance stage of pregnancy having been seriously ill and at certain times during that period in an aggravated condition.

"That during all the dates already mentioned, the defendant was confined in bed all of the time and she was unable to entrust her defense to any attorney nor was she able in any way to personally appear in court in order to defend herself against the charges made in the complaint.

"That the ground alleged by the plaintiff is that of cruelty and grave injury, everything alleged in that complaint being false and the defendant having a good defense against all the charges thus made.

"That during the period from October 31, 1938, to the early part of January, 1939, when she gave birth to a child, the defendant was not at her residence in Mayagüez, for which reason she never received notice of the judgment of the court.

"That in this case there was surprise by the plaintiff against the defendant, since the former was aware of the fact that the defendant by reason of her precarious state of health was not in a position to answer the complaint or to appear at the trial to defend herself.

"That on the part of the defendant there was excusable neglect in not answering or appearing to defend the action, since her precarious state of health physically incapacitated her therefor." (Rec., p. 11)

Notice of the said motion was served on the plaintiff, who on May 5, 1939, filed a writing, also verified, which he entitled "Motion to oppose the reopening of this case," and in which,

after pointing out certain defects in the procedure followed by the defendant in order to obtain the reopening of the case, he alleged:

"*Fourth.*—That the plaintiff for lack of information and belief denies that the defendant Amparo Piñol Román gave birth to a son or daughter of the plaintiff or of any other person during the first days of January, 1939, and alleges that said defendant Amparo Piñol Román returned from Perú on May 3, 1938, where she lived entirely apart from her husband since September 24, 1937, and whither she went without the consent of her husband, the plaintiff, he having no knowledge as to whether the said child was prematurely born (*siete-mesino*) or of regular or normal uterine age, without the defendant having ever informed the plaintiff in any way of the fact that she had a child."

The motion of the appellee having been set for hearing on May 5, 1939, both parties appeared by their respective attorneys. The defendant submitted her motion without offering any evidence in support of the same. The plaintiff did not offer any evidence either, and the court, on the 14th of June following, entered an order directing that the case be reopened, setting aside the default which had been entered, setting aside also the decree of divorce, restoring the case to the state in which it was when the defendant had been summoned, and granting the latter a period of 10 days to answer, to be counted from the date on which the notice of the order should be served.

The plaintiff appealed, and he has filed an extensive brief in which he raises various legal questions which we will consider in the course of this opinion. We have not had the benefit of any oral argument or brief from the appellee.

The appellant maintains that the motion of the appellee should not have been granted inasmuch as the same was not accompanied by an affidavit of merits nor by a copy of the proposed demurrer or answer to the complaint.

The appellant would be right if the case did not involve, as it does, an action for divorce in which the state has a

certain interest, apart from that of the litigants, in preventing the dissolution of the marriage except upon a full hearing which would guarantee, not only the justice of the judgment, but also that the same would not be procured by fraud, collusion, or surprise. This is why, in construing section 473 of the Code of Civil Procedure of California, from which, in the form it was in force in 1904, was adopted section 140 of our own code, the highest court of that State has repeatedly held that no affidavit of merits is required in order to set aside a judgment by default in an action for divorce. See *McBlain* v. *McBlain,* 77 Cal. 507; *Cottrell* v. *Cottrell,* 83 Cal. 457; *Mulkey* v. *Mulkey,* 100 Cal. 91, 34 P. 621, and the more recent case of *Hammond* v. *Hammond,* (1928) 92 Cal. App. 212, 215, where there was cited from *Rehfuss* v. *Rehfuss,* 169 Cal. 86, 145 P. 1020, with approval, the following extract:

"The rules of practice applicable to divorce actions differ in many respects from those which govern other actions. In an action for divorce, upon very slight showing the court will set aside a default, if application for relief be made in due time. And although in other actions a party seeking relief from default must support his motion by an affidavit of merits, no such affidavit is required on motion to set aside the judgment in an action for divorce. The law is at all times very solicitous to preserve the integrity of the family, the foundation of society. It cannot be destroyed by the mere consent, whim, or caprice of the parties to the marriage, nor can it be stipulated away in judicial proceedings. The relation can be dissolved only by consent of the state, and upon statutory grounds, presented in good faith to a court of competent jurisdiction. An action for divorce concerns not only the parties immediately interested, but also the state. The attorneys in the case represent the respective parties— the court in a sense represents the state, in accordance with the letter and policy of the law, to guard strictly against fraud, collusion, or imposition when the husband or wife seeks to dissolve the bonds that bind them together."

The appellant cites to us a paragraph of section 473 of the Code of Civil Procedure of California in support of his contention that in order to set aside a judgment, order, or

proceeding, it is an indispensable requisite that the petition be accompanied by a copy of the answer or any other pleading which the defendant proposes to file in the suit. The paragraph invoked by the appellant reads as follows:

" . . . . and provided, further, that said petition must be accompanied by a copy of the answer or other pleading proposed to be filed therein. *Otherwise the application shall not be granted.*" (Italics ours.)

The above-transcribed paragraph does not appear in section 140 of our Code of Civil Procedure, nor did it appear either in section 473 of the California Code as the same was adopted by our Legislative Assembly in 1904.

Compare the wording of the cited section 473, as the same appears in *Kerr's Cyclopedic Codes of California* (1908 ed.), with the form in which it appears in *Deering Civil Procedure and Probate Courts* (1937), after the amendments made by the Acts of 1917, p. 242, and those of 1933, p. 1851.

This court has repeatedly held that in order to set aside an entry of default or a judgment by default, it is necessary to submit an affidavit of merits or a copy of the proposed verified answer showing that the defendant has a meritorious defense to the action; but that holding is not applicable to an action of divorce in which by reason of the special interest of the state already referred to, the negligence on the part of either of the spouses in timely defending the suit can not in any way affect the right and duty of the court to make sure that there is really a sufficient and lawful cause to justify the dissolution of the marriage tie.

■ The motion of the defendant, praying that the judgment be set aside and that she be granted "an opportunity to answer the complaint, introduce evidence, and to appear at the trial to defend herself," may not be a model of its kind, but interpreting it liberally as required by the decisions in these cases, we can not agree with the appellant that said motion is insufficient.

. It is urged that the court erred in setting aside the default, since such a relief had not been requested. Is not the demand for an opportunity to answer the complaint and to introduce evidence, as set forth in the prayer of defendant's motion, equivalent to such a request?

■ The appellant complains that the lower court granted the motion of the defendant without the latter having introduced any supporting evidence at the hearing which was held for that purpose. However, there is nothing in the record to show that the plaintiff-appellant had in any form insisted in the lower court that the defendant should introduce evidence in addition to the verified motion which she had filed. On the contrary, the plaintiff also refrained from introducing any evidence. In such circumstances, it is to be presumed that one party as well as the other submitted the question on the merits. of the motion and of the opposition, both of which were verified. The court *a quo* appears to have so understood when in its decision it said:

"The hearing of the motion of the defendant and of the opposition thereto was set for May 5 of the present year, on which day the plaintiff appeared by his attorney, Enrique Báez García, Esq., and the defendant by her attorney, C. H. Juliá, Esq., and they submitted the motion to the court for decision." (Rec., p. 21.)

The plaintiff was present at the hearing, and, if he did not desire that the motion should be submitted on its allegations, he could well have insisted that the defendant introduce her evidence or otherwise have demanded at once that the motion be dismissed; but it does not appear that the plaintiff did either of these things and, therefore, he led others to believe that he was content that the question should be thus submitted to the consideration of the court.

■ The circumstance that after the motion of the defendant had been granted she requested an extension of time to answer, can in no way affect the order appealed from. If the extension requested was an indefinite one, as claimed by the appellant, he could have asked the court that in granting

the same, if at all, it should fix a reasonable period for the defendant to file her answer.

For the reasons stated, the order appealed from must be affirmed.