Sixto Charneco Murillo, demandante y apelante, *v.*
Amparo Piñol Román, demandada y apelada.

Núm. 8036.—*Sometido:* Junio 21, 1940. *Resuelto:* Julio 5, 1940.

*Enrique Báez García,* abogado del apelante; *C. H. Juliá,* abogado de
la apelada.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El 8 de octubre de 1938, Sixto Charneco Murillo presentó demanda de divorcio contra su esposa Amparo Piñol Román. En la misma fecha fué emplazada personalmente la demandada, quien no habiendo comparecido a oponerse a las pretensiones del demandante, le fué anotada la rebeldía el día

20, celebrándose el juicio en su ausencia el día 21 del mismo mes y decretándose el divorcio en igual fecha.

La sentencia fué notificada por correo el 22 de octubre de 1938, archivándose a la vez una copia de la notificación, la que fué devuelta por la oficina de correos de Mayagüez a la secretaría de la corte el 4 de noviembre siguiente, por no haberse reclamado el pliego que la contenía. Así continuaron las cosas hasta que justamente el día en que se cumplían seis meses de haberse intentado la notificación de la sentencia, la demandada radicó en la corte *a quo* una moción jurada titulada "Moción sobre reapertura de este caso," en la que después de exponer los hechos anteriormente reseñados, agregó:

"Que la demandada nunca recibió dicha notificación de sentencia.

"Que en todas las fechas arriba mencionadas la demandada se encontraba en estado avanzado de gravidez habiendo estado enferma de cuidado y en ciertos momentos en ese intervalo en estado de gravedad.

"Que durante todas las fechas antes mencionadas la demandada estuvo en cama todo el tiempo y no pudo encargar su defensa a ningún abogado ni pudo en forma alguna comparecer en persona a defenderse en corte de las imputaciones hechas en la demanda.

"Que la causal alegada por el demandante es la de trato cruel e injurias graves, siendo falso todo lo alegado en dicha demanda, y teniendo la demandada una buena defensa contra las imputaciones así hechas.

"Que para el 31 de octubre de 1938 y siguiente hasta los primeros días del mes de enero de 1939 en que dió a luz un niño, la demandada no se encontraba en la residencia de Mayagüez, motivo por el cual no recibió nunca la notificación de sentencia de la corte.

"Que en este caso hubo sorpresa por parte del demandante para con la demandada, ya que éste sabía que por su estado precario de salud la demandada no estaba en condiciones de contestar la demanda, comparecer en juicio a defenderse.

"Que por parte de la demandada hubo una excusable negligencia al no contestar, comparecer a defenderse, ya que su estado precario de salud la imposibilitaba físicamente para ello." (T. de A., pág. 11.)

La referida moción fué notificada al demandante, quien con fecha 5 de mayo de 1939 radicó un escrito también jurado que tituló "Moción de oposición a la reapertura de este caso", en el que, luego de señalar ciertos defectos en el procedimiento seguido por la demandada para conseguir la reapertura del caso, alega:

"*Cuarto.*—Que el demandante niega por falta de información y creencia que la demandada Amparo Piñol Román diera a luz un hijo o hija del demandante o de cualquier otra persona hasta los primeros días del mes de enero de 1939, alegando que dicha demandada Amparo Piñol Román regresó del Perú el 3 de mayo de 1938, donde vivía completamente separada de su esposo desde el 24 de septiembre de 1937 y a donde se marchó sin el consentimiento de su esposo el demandante, no constándole al demandante si el dicho niño es sietemesino o de edad uterina regular normal, sin que en ningún momento la demandada le haya comunicado al demandante, en ninguna forma el hecho de que tuviera un niño."

Señalada la moción de la demandada para el día 5 de mayo de 1939, comparecieron ambas partes por sus respectivo abogados. La demandada sometió su moción sin ofrecer evidencia en apoyo de la misma. El demandante tampoco ofreció prueba y la corte, el 14 de junio siguiente, dictó resolución por la que dispuso la reapertura del caso, dejó sin efecto la rebeldía que se había anotado, dejando sin efecto también la sentencia de divorcio, restituyendo el caso al estado que tenía al ser emplazada la demandada, a quien concedió un plazo de diez días para contestar, a partir de la fecha en que le fuera notificada la resolución.

Apeló el demandante, radicando un extenso alegato en el que levanta distintas cuestiones legales que consideraremos en el curso de esta opinión. La apelada nos ha privado de su informe oral así como de su alegato escrito.

Sostiene el apelante que no debió declararse con lugar la moción de la apelada, toda vez que no venía acompañada de un *affidavit* de méritos y además de un proyecto de excepción previa o contestación a la demanda.

Tendría razón el apelante si no se tratase, como se trata, de un pleito de divorcio en el que el Estado tiene cierto interés independiente del de los litigantes en que el matrimonio no se disuelva sin una amplia audiencia que garantice no sólo la justicia de la sentencia, si que también que no ha sido ésta obtenida mediante fraude, colusión o sorpresa. Es por esa razón que, interpretando el artículo 473 del Código de Enjuiciamiento Civil de California, del cual, según regía en 1904, fué tomado el 140 del nuestro, se ha venido sosteniendo repetidamente por el más alto tribunal de aquel Estado que en casos de divorcio no es necesario *affidavit* de méritos para que pueda dejarse sin efecto una sentencia en rebeldía. *McBlain* v. *McBlain,* 77 Cal. 507; *Cottrell* v. *Cottrell,* 83 Cal. 457; *Mulkey* v. *Mulkey,* 100 Cal. 91, 34 P. 621, y el más reciente de *Hammond* v. *Hammond* (1928) 92 Cal. App. 212, 215, donde se cita con aprobación de *Rehfuss* v. *Rehfuss,* 169 Cal. 86, 92, 145 P. 1020, y se dice lo siguiente:

"Las reglas de práctica aplicables a las acciones de divorcio difieren en muchos respectos de las que rigen en otras acciones. En una acción de divorcio, las cortes con una prueba insignificante (*slight showing*) dejan sin efecto una rebeldía siempre que la petición se radique en tiempo. Y aunque en otros casos la parte que solicita la reapertura de rebeldía debe apoyar su moción en un *affidavit* de méritos, tal *affidavit* no es necesario para dejar sin efecto una sentencia en un caso de divorcio. La ley es siempre muy solícita de preservar la integridad de la familia, base de la sociedad. No puede destruirse el vínculo, por mero consentimiento o capricho de los cónyuges, ni puede ser objeto de estipulaciones en procedimientos judiciales. Sólo puede destruirse la relación con el consentimiento del Estado y por motivos legales presentados de buena fe en una corte de justicia competente. La acción de divorcio no sólo concierne a las partes inmediatamente interesadas, si que también al Estado. Los abogados en el caso representan a las partes respectivas—la Corte en cierto sentido representa al Estado, de acuerdo con la letra y política de la ley, para impedir estrictamente el fraude, colusión o imposición de las partes cuando uno de los cónyuges trata de romper los vínculos que los unen."

El apelante nos cita un párrafo del artículo 473 del Código de Enjuiciamiento Civil de California para sostener que es requisito indispensable para que se pueda dejar sin efecto una sentencia, orden o procedimiento, que la petición venga acompañada de una copia de la contestación o de otra alegación que el demandado se proponga radicar en el pleito. El párrafo invocado por el apelante dice así:

". . . y disponiéndose, además, que dicha petición debe venir acompañada de una copia de la contestación u otra alegación que se proponga radicar en el pleito. *De lo contrario la penitición será denegada.*" (Bastardillas nuestras,)

El párrafo transcrito no aparece en el artículo 140 de nuestro Código de Enjuiciamiento Civil, ni aparecía tampoco en el 473 del de California al adoptarse por nuestra Asamblea Legislativa en 1904.

Compárese el citado artículo 473 como aparece redactado en *Kerr's Cyclopedic Codes of California* (ed. 1908) y como aparece en *Deering Civil Procedure and Probate Courts* (1937) después de las enmiendas de que fué objeto por las leyes de 1917, pág. 242, y las de 1933, pág. 1851.

Este tribunal ha resuelto reiteradamente que para dejar sin efecto una anotación de rebeldía o sentencia en rebeldía, es necesario un *affidavit de méritos* o un proyecto de contestación jurada de donde aparezca que el demandado tiene una buena defensa en los méritos de la acción; pero esa jurisprudencia no es aplicable a los pleitos de divorcio en que por el interés especial que tiene el Estado, antes aludido, la negligencia de uno de los cónyuges en defenderse oportunamente no puede en manera alguna afectar el derecho y el deber del tribunal a cerciorarse de que en efecto hay razones legales suficientes para justificar la ruptura del vínculo matrimonial.

La petición de la demandada para que se dejara sin efecto la sentencia y se le concediera "la oportunidad de contestar la demanda, aportar su prueba y comparecer a juicio a defenderse," no será un modelo de su clase, pero interpre-

tándola con la liberalidad que la jurisprudencia demanda en estos casos, no podemos convenir con el apelante en que la petición es insuficiente.

Se alega que la corte erró al dejar sin efecto la rebeldía, puesto que tal remedio no se había solicitado. ¿No equivale a tal petición el solicitar la oportunidad de contestar la demanda y aportar su prueba, como aparece de la súplica de la moción de la demandada?

■ Se queja el apelante de que la corte inferior declarase con lugar la moción de la demandada cuando ésta no ofreció prueba en su apoyo en la audiencia que se celebró al efecto. Sin embargo, de los autos no aparece que el demandante apelante en alguna forma hubiera insistido en la corte inferior en que la demandada ofreciese prueba en adición a la moción jurada que había radicado. Por el contrario, el demandante también se abstuvo de presentar evidencia. En tales circunstancias, es de presumirse que una y otra partes sometieron la cuestión por los méritos de la moción y de la oposición, ambas juradas. Así parece haberlo entendido la corte *a quo* cuando en su resolución dice:

"Se señaló la discusión de la moción de la demandada y su oposición para el día 5 de mayo del corriente año, en que compareció el demandante por su abogado, Lic. Enrique Báez García, y la demandada por el suyo Lic. C. H. Juliá, sometiendo su moción a la corte para su resolución." (T. de A., pág. 21.)

El demandante estuvo presente en el acto de la vista y bien pudo, si era que no deseaba que la moción fuese sometida por sus alegaciones, insistir que la demandada presentase su prueba, o en caso contrario, pedir en el acto que la moción fuese desestimada; pero no aparece que una u otra cosa hiciera el demandante, y por consiguiente indujo a creer que estaba conforme en que la cuestión quedase así sometida a la consideración del tribunal.

■ El hecho de que la demandada después de concedida su moción haya solicitado prórroga para contestar, en nada puede afectar la resolución apelada. Si la prórroga solici-

tada era indefinida, como alega el apelante, pudo él solicitar de la corte que al concederla, si era que la concedía, fijase un término razonable a la demandada para radicar su contestación.

*Procede, por lo expuesto, desestimar el recurso y confirmar la resolución apelada.*