[Civ. No. 14421. Second Dist., Div. Two. May 19, 1944.]

MYRTLE E. SMITH, Appellant, v. GEORGE CHARLES SMITH, Respondent.

416

Denio, Hart, Taubman & Simpson for Appellant.

Russell H. Pray, S. J. Nordorf and Henry F. Walker for Respondent.

WOOD (W. J.), J.—Plaintiff has appealed from an order of the superior court granting defendant's motion to set aside a default judgment by which she was given an interlocutory decree of divorce. It is claimed that the showing made by defendant was insufficient to justify the granting of the order.

Plaintiff filed an action in Los Angeles County on February 20, 1943, seeking a divorce, alimony and the appointment of a receiver for certain real property of the parties. An affidavit for publication of summons was filed on May 24, 1943, an order for the publication of summons was obtained and the summons was served on defendant at Las Vegas, Nevada, on June 4, 1943. A default was entered on September 7, 1943, and a second default was entered on September 15, 1943. An interlocutory decree was signed and filed by the court on September 20, 1943, granting plaintiff a divorce and an undivided one-half interest in the realty.

Defendant filed his notice of motion to set aside the defaults and the default judgment on October 15, 1943, and presented his proposed answer and cross-complaint. He also filed affidavits by himself and by Vern E. Garten, his former attorney. From these papers it appears that defendant became a resident of the State of Nevada on January 27, 1943, with the intention of residing permanently in that state; that on March 10, 1943, he instituted an action for divorce in the State of Nevada against the plaintiff herein; that summons and complaint in the Nevada action were personally served upon plaintiff herein on March 12, 1943; that she did not appear in the Nevada action, her default was entered therein, and a decree was rendered by the Nevada court on April 13, 1943, granting a divorce to the defendant herein; that the

parties had agreed upon a property settlement which had been consummated by the execution of the proper conveyances.

In the affidavit of defendant it is stated that upon the receipt on June 4, 1943, of the copies of the summons and complaint in the present action defendant mailed these papers to Vern Garten, an attorney practicing in Long Beach, and employed him to defend the action; that defendant was advised by Mr. Garten that he would take care of the matter and would appear and present a defense in the action; that defendant believed that the attorney thus employed had taken proper steps to defend his interests in the action until October 1, 1943, when he learned for the first time that a default had been entered against him; that he thereupon employed Russell H. Pray as his attorney to take steps to set aside the default judgment.

In the affidavit of attorney Garten it is stated that Geo. A. Hart, attorney for plaintiff, had been contacted by the affiant on numerous occasions and that Hart "knew that the said Vern E. Garten was employed to represent the defendant in the above entitled action, and was going to make an appearance therein contesting the affidavit for publication as being false, and would otherwise appear and plead in said cause"; that on September 15, 1943, Mr. Hart had informed the affiant that request had been made to the clerk to enter the default of defendant and that the affiant had checked the records of the office of the county clerk and had seen a setting card in which the cause was set for trial for October 13, 1943; that "the attorney for plaintiff, well knowing that affiant was going to make an appearance on the part of defendant, secretly and without apprising affiant of the fact, had said cause heard on the 20th day of September, 1943, instead of on the 13th day of October, 1943, the only day on which an order of the court was made for the setting and trial of said cause." It is further stated in the Garten affidavit that because of a lack of office help he was not able to prepare proper papers for use in the action before October 1, 1943; that the affiant learned by a long distance telephone call from defendant, who was in Las Vegas, Nevada, that the default had been entered; that the affiant was preparing to take steps to set aside the default but he was notified by defendant that he was discharged.

A counteraffidavit was filed by Geo. A. Hart, attorney for plaintiff, in which it is stated that Mr. Hart requested Mr. Garten on several occasions to file an appearance in the action but that Mr. Garten had stated that "he was going to make a motion to set aside the service of summons on said defendant, George Charles Smith, on the ground that he had not informed the affiant as to the residence of said defendant and that the court had no jurisdiction to make the order for publication, and said Vern E. Garten further stated to affiant that he might bring an action for damages against the plaintiff for disparagement of title, . . ." It is further stated by Mr. Hart in his affidavit that the hearing of the application for the interlocutory decree was advanced from October 13, 1943, to September 20, 1943, to accommodate witnesses; that although the default of defendant had been entered on September 5, 1943, the affiant obtained a second order for the entry of the default on September 15, 1943, after attorney Garten had telephoned to him that he could find no record that a default had been entered; that no request was made of plaintiff's counsel for a stipulation extending time to answer or otherwise plead in the action.

Plaintiff now points out that the essential statements in Mr. Hart's affidavit are not contradicted and that there is an entire absence of explanation on the part of defendant of his failure to make any appearance in the action before the entry of the defaults in September. She contends that defendant, notwithstanding he had ample opportunity to appear, was trying to obtain some legal advantage by his failure to file an appearance within the statutory time allowed therefor. In support of her contention that the failure to appear was inexcusable she cites several decisions in which it was held that the courts had erred in granting motions to set aside defaults in cases where the showings made were at least as strong as the showing made in the present proceeding. The decisions cited by plaintiff, however, were not rendered in actions in which the parties were seeking divorces. If the present action were an ordinary action in which a money judgment was being sought, plaintiff's argument would be very persuasive. But in divorce actions courts look with special favor upon applications for hearings on the merits. In a divorce action if an application for relief be made in due time the court is justified in setting aside a default "upon very slight showing." (*Hammond* v. *Hammond,* 92 Cal.App.

212 [267 P. 893]; *Rehfuss* v. *Rehfuss,* 169 Cal. 86 [145 P. 1020].) This rule is based upon the ground that the state is interested in preserving the integrity of the family relation, which cannot be destroyed merely by the consent of the parties.

Defendant argues that he expected to be accorded the privilege of appearing in court at the time set for the hearing and cites *Hammond* v. *Hammond, supra,* as justification for that expectation. In that case the default of the defendant had been entered and the court, after hearing the plaintiff's evidence, noticing the defendant in court called him to the witness stand and over the objection of the plaintiff elicited certain testimony which caused the court to continue the hearing. Thereafter an answer and cross-complaint were filed. Both parties were denied relief and the judgment was affirmed.

At the time of the hearing on September 20, 1943, prior to the granting of the interlocutory decree plaintiff's counsel stated to the court that he was relying principally upon the fraud defendant "perpetrated on this woman in leaving for Nevada and getting a divorce without any notice to her at all." He further stated to the court that defendant had lived in Long Beach "practically all his life and is still here now." When the application to set aside the default was made the court had before it the verified answer and cross-complaint of defendant in which defendant stated that on January 27, 1943, he became a resident of Clark County, Nevada, with the intention to become and remain a bona fide resident of Nevada and that at the time of the verification of the answer defendant continued to be a bona fide resident of Nevada. It was the function of the court to weigh the value and effect of the contradictory statements on the subject of the residence of defendant. The court apparently wished to be satisfied that it had not been misled and that no advantage had been taken of defendant. In passing upon defendant's application the court doubtless took into consideration the rule that in divorce actions a very slight showing is sufficient to justify setting aside a default. In granting the motion the court did not abuse its discretion.

The order is affirmed.

Moore, P. J., and McComb, J., concurred.